## CENTRAL OF GEORGIA RAILWAY CO. *v.* GOODSON.

1. The plaintiff, an engineer, was injured in a collision while driving an engine of the defendant company through its yards at night.  One of the disputed points was whether or not the plaintiff, at the time of the collision, was displaying the proper signals.  Rules of the company relating to "yard" engines were in evidence, but, under the definition of a yard engine therein given, the engine which the plaintiff was operating was not a yard, but a road engine.  There was no evidence of any printed rule of the company, of which the plaintiff had notice, prescribing the signals to be displayed by road engines while running through the yards.  *Held*, that it was not error for the court to admit evidence of the custom of engineers of the defendant as to signals displayed by such engines under similar circumstances, or to instruct them with reference to such evidence in the charge.
2. Grounds of a motion for a new trial which complain of extracts from the charge of the court, but do not point out the alleged error therein, call in question only the abstract correctness of the charges complained of.
3. The charge of the court relating to the elements of damage entering into the plaintiff's case, and to the use of the mortality and annuity tables, was, in the light of the entire charge, without error.
4. The evidence fully warranted the verdict, and the amount found for the plaintiff was not excessive.

Argued October 10, — Decided October 30, 1903.

Action for damages.   Before Judge Hodges.   City court of Macon.   May 22, 1903.

*Hall & Wimberly* and *J. E. Hall*, for plaintiff in error.
*Guerry & Hall*, contra.

CANDLER, J.  The plaintiff below was a locomotive engineer in the employment of the defendant company.  He was what is known as a hostler, his duties being to " relieve the engineers that come in off the road, take the train and put it away, and carry the engine to the shop and put it up."   While engaged in the performance of his duties at night in the railroad yards of the defendant in the city of Macon, his engine collided with a train of the defendant, composed of an engine and one car, and the plaintiff sustained injuries on account of which he sued.   On all material issues the evidence was conflicting; but there was evidence upon which the jury were authorized to find that the plaintiff was, at the time of the collision, in the exercise of due diligence, and had the proper signals displayed upon his engine in accordance with the rules of the company, while the train with which

53

his engine collided was running at a negligently high rate of speed, and was displaying no signals whatever. The jury returned a verdict for the plaintiff for $10,000 ; the defendant made a motion for a new trial, which was overruled, and it excepted.

1. It seems that engines which regularly run between different points on the defendant company's line are known as road engines, in contradistinction to yard engines, which perform service only in the yards. Complaint is made that the court erred in admitting evidence as to what lights were customarily carried on road engines in the yard of the defendant company at night. It is insisted that there was a rule of the company in evidence, which the plaintiff was bound to know and obey, which prescribed what lights should be carried by such an engine as was being run by him at the time of his injuries. The plaintiff, on the other hand, contended that the rule referred to was applicable only to yard engines, and that there was no rule governing the lights to be displayed by road engines while in the yard. Whether or not the engine which the plaintiff was running at the time he was injured was governed by this rule was a question upon which there was a sharp conflict in the evidence. The rule itself was in evidence, and in express terms referred only to yard engines, and in the rule-book a yard engine was defined as "an engine assigned to yard service and working within yard limits." The undisputed evidence showed that the engine that the plaintiff was running was a road engine that had just reached the yard, after a trip over the road, and was being carried through the yard to the place where it was kept when not in service. It was not assigned to yard duty, and was in no sense a yard engine. In view of the plaintiff's claim that there was no rule of the company governing such engines, it was competent for him to show the custom of the engineers in the employment of the defendant in that respect. The ruling upon this point also disposes, adversely to the contention of the plaintiff in error, of the complaint in the motion as to the charge in regard to the degree of diligence required of Goodson in the event it should be found that the engine on which the plaintiff was at the time of his injuries was not, within the meaning of the rule in evidence, a yard engine.

2. Several of the grounds of the motion for a new trial complain of various extracts from the charge of the court, but do not

point out wherein the charges are erroneous. The charges, on their face, state principles of law which are abstractly correct. It is too well settled to require argument that a ground of a motion for a new trial, or an assignment of error in a bill of exceptions, which complains of a charge of the court as erroneous, without specifically pointing out the alleged error therein, calls in question nothing more than the general, abstract correctness of the portion of the charge of which complaint is made. See, on this subject, the recent case of *Binion* v. *Railroad Co.*, 118 *Ga.* 282.

3. The remaining grounds of the amendment to the motion for a new trial complain of alleged error in the charge of the court as to the elements of damage entering into the plaintiff's case, and as to the use of the mortality and annuity tables offered in evidence. A careful examination of the entire charge on these questions shows it to be free from any material error. The verdict, under the evidence offered, shows beyond all question that the jury fully understood the law governing them in determining the amount of damages to be awarded in the event they should find that the plaintiff was entitled to damages at all.

4. The only remaining grounds of the motion to be considered are the general grounds, that the verdict was contrary to law and the evidence, and excessive. We have carefully gone through the entire record, and have no hesitancy in saying that the verdict was fully sustained by the evidence. As previously indicated, on all material points in issue the evidence was directly conflicting. If the jury believed the witnesses for the plaintiff, they could not help but find a verdict against the railroad company. If, on the other hand, they had believed the evidence introduced by the defendant, they would have been warranted in finding that the plaintiff was himself at fault in failing to display the proper signals on his engine, and that the servants of the company in charge of the train which collided with the plaintiff's engine were free from fault. The jury in this State can alone determine the credibility of witnesses; and if there is any evidence to support their finding, and the trial judge approves it, this court will not interfere with it. They see the witnesses and hear their testimony, and before them alone questions of fact must be fought out. When they have passed upon the facts of a case, it devolves upon the trial judge, upon a motion for a new trial being made, to say, in the

broad discretion which is conferred by law upon him, whether or not injustice has been done, and, if so, to grant another hearing. When there is any evidence to support a verdict, and the trial judge refuses to set it aside, this court will not interfere.

It is difficult to see how it can be seriously contended that the verdict rendered in this case was excessive.    At the time of his injuries the plaintiff was forty-two years old, in good health, and earning $65 per month.    His earning capacity was shown to have been totally destroyed.   Aside, however, from the question of damages for decreased capacity to labor, it could not be said that for pain and suffering alone the amount found by the jury was excessive.    It appears that the plaintiff was burned and scalded in a manner frightful to contemplate; that he was in bed for nearly a year after his injuries were received; and that he still suffers, and will doubtless continue to suffer for the remainder of his life, the most intense pain.    The verdict was not excessive.

*Judgment affirmed.    All the Justices concur.*