## MACON RAILWAY AND LIGHT COMPANY *v.* VINING.

1. The petition set forth a cause of action, and the demurrers thereto were properly overruled.
2. The application by the defendant to suspend the trial for the purpose of having the plaintiff examined by a physician was addressed to the sound discretion of the court, and the record does not disclose such an abuse of this discretion as would authorize the Supreme Court to interfere.
3. The charge in reference to the measure of damages was erroneous, and the error was of such a character as to require a reversal of the judgment.

Argued May 12,—Decided July 12, 1904.

Action for damages.     Before Judge Hodges.     City court of Macon.     October 24, 1903.

The petition alleged: Petitioner became a passenger on one of the defendant's electric cars, paid her fare, and notified the conductor to put her off at a place called Brooklyn bridge. The conductor stopped the car near the point which had been designated, but not exactly opposite the bridge as directed. It was dark, and petitioner was old and feeble and could not see well, all of which was apparent to the conductor; but notwithstanding this, the conductor directed her to get off at the point where the car had been stopped, and then and there helped her off, placing her standing on the ground at a point just opposite the step of the car, which then moved away. Petitioner thought she had been put off opposite the bridge, at the place where she had requested to be put off, which was a safe point for her to alight; whereas the conductor put her off several feet away from the bridge and at a very narrow point or piece of ground between the street-car track and a deep gully which ran near by. The space between the track and the gully was only a foot or two wide, and was a very dangerous and unsafe place; and petitioner, not being able to see, and thinking the conductor had put her off at the place where she had requested to be put off, took a step and fell directly into the gully, receiving a fall which inflicted upon her severe and painful injuries. The injuries received are set forth with particularity, and

the damages are laid at $5,000, for pain and suffering and for time lost from a business in which the plaintiff was engaged prior to the injury. The petition was demurred to, upon the grounds, that it set forth no cause of action; that the allegations as to the carelessness of the conductor do not show any breach of duty to the plaintiff, nor any violation of any rule of diligence imposed by law upon defendant; that no duty was imposed on defendant to furnish petitioner with a safe place to alight, or to stop its car long enough to see that petitioner was placed upon a safe basis before starting the car, or to advise her that she was at a different place from that designated by her or at a dangerous place. The demurrer was overruled, and exception was duly taken by the defendant. The trial resulted in a verdict for the plaintiff, for $1,750. The defendant's motion for a new trial was overruled, and it excepts also to this judgment. Among other things, the motion assigns error upon the charge of the judge on the subject of the measure of damages. The entire charge upon this subject was as follows: "I charge you that she would be entitled to recover, if she is entitled to recover at all, compensation for her lost time, in such measure as the evidence discloses would be proper and adequate compensation for such lost time; and she would be entitled to recover, if entitled to recover at all, damages by way of compensation for the alleged injury and damage done by reason of the pain and suffering and the mutilation of her person, if any such mutilation, disfigurement, or impairment is shown by the evidence; and if any such pain and suffering is shown by the evidence, she is entitled to recover for pain and suffering, past, present, and future, as shown by the evidence, disfigurement and impairment of her person if shown by the evidence, and her actual compensation for lost time as shown by the evidence. And I charge you, in this character of cases there is no fixed standard, no mathematical standard by which the court can aid you in coming to a conclusion as to the amount of damage which the plaintiff in this case would be entitled to, in the event you conclude that she is entitled to damages or compensation; the only measure of damage fixed by law is the enlightened conscience of impartial jurors. Damages are given as compensation for injury and harm done, and whatever amount you assess in this case, if you assess any at all, in favor of the plaintiff should be such an amount as is dictated

by the enlightened consciences of impartial jurors, that that is the standard, and by that standard you should fix your verdict, in the event you find in favor of the plaintiff."

*Dessau, Harris & Harris*, for plaintiff in error.

*M. W. Harris* and *Daly, Moore & Cochran*, contra.

COBB, J. (After stating the foregoing facts.)

1. It is the duty of a street-car company to select a reasonably safe place for landing passengers wherever it may stop a car for that purpose. The duty which the law imposes upon an ordinary railroad company, to provide and maintain a safe place for landing its passengers, has no application to a street-car company operating its line along a public street or road; but the duty imposed upon such a company is, as stated, to select a reasonably safe place for landing its passengers, and to make such selection with reference to getting off the car while the same is at rest. The company is not responsible for any peril which the passenger incurs, without its fault, after the stoppage has terminated, and the passenger has secured a safe footing upon the street. *Augusta Ry. Co.* v. *Glover*, 92 *Ga.* 133 (10); Nellis on St. Surf. Rds. 449. If the passenger selects the place to alight, and the employees acquiesce in such selection, by stopping the car at the place chosen, and the passenger be well acquainted with the place, or the danger of attempting to alight there be apparent to him, and he is injured while alighting, as a consequence of the character of the place, and without fault on the part of the employees, the company would not be liable. If, however, the passenger selects a place which is reasonably safe, and the car has stopped, and on account of the darkness the passenger can not determine whether the car has stopped at the place designated, and the conductor in charge of the car permits the passenger to attempt to alight, without informing him that the place selected has not been reached, and also without informing him as to the dangers incident to alighting at the place at which the car has actually stopped, then the company would be liable, if the passenger is injured in alighting as a consequence of a danger of which he was not aware, and which, on account of the darkness, was not apparent to him at the time he attempted to alight, or, after having stepped from the car, attempted to proceed along what would

have been a safe way in the event the car had stopped at the place selected. Nellis on St. Surf. Rds. 485, 524; Henry *v.* Street Ry. Co. (Wash), 64 Pac. 137. Applying these principles to the facts of the present case, the petition set forth a cause of action, and was not subject to the objections raised by the demurrer.

2. During the progress of the case and on the second day of the trial the plaintiff introduced as a witness a physician, who had examined her on that day, and who testified as to the character and extent of her injuries. After this witness had been examined, the defendant's counsel moved the court to nominate some physician to examine the plaintiff, as the physician who had testified in behalf of the defendant had not seen the plaintiff for several months prior to the trial. The judge overruled the motion, and in a note to the motion for a new trial states that there were no other witnesses to be examined after the motion was made, that the case was ready for argument, that argument actually began within five minutes, and that on account of the congested condition of the calendar of the court he did not feel justified in suspending the trial for the purpose of having the examination made. Applications of this character are, under all circumstances, addressed to the sound discretion of the court. *R. & D. R. Co.* v. *Childress*, 82 *Ga.* 719. Where an application of this character is made pending the trial, which if granted would result in a suspension of the trial and a delay of the business of the court, it would take a strong case for this court to reverse a judgment refusing the application. Under the circumstances of the present case there was no abuse of discretion in refusing the application. See *S., F. & W. Ry. Co.* v. *Wainwright*, 99 *Ga.* 255.

3. All of the charge of the judge on the subject of the measure of damages is set forth in the statement of facts. Error is assigned upon the last two sentences, and the criticism thus made upon the charge is well taken. The judge in effect tells the jury that any amount which shall be given to the plaintiff as damages for her lost time is to be determined by the enlightened consciences of the jurors. More than this, he tells them in terms that whatever amount they assess "in this case" in favor of the plaintiff must "be such an amount as is dictated by the enlightened consciences of impartial jurors." There can not be two opinions

on the question as to whether this charge is erroneous.     But the
question is whether the error is of such a character as to require
a reversal of the judgment.     Looking to the petition, we find that
the plaintiff claimed damages not only for pain and suffering and
for being disabled from attending to a business which she was
carrying on, but she alleged that as a result of her injuries her
capacity to labor was entirely destroyed.     She claimed damages,
therefore, of a threefold nature, pain and suffering, lost time, and
diminution in capacity to labor.     When we look to the evidence,
it appears that there was nothing upon which a finding for lost
time could be properly based, nor was there any evidence upon
which a finding for diminished capacity to labor could be properly
based.     The effect of the judge's charge, therefore, was to remit
to the broad field of the enlightened consciences of impartial jurors
the determination of two elements of damage that the law requires
should be measured by more certain standards.     It is said, though,
that there was evidence which would authorize a finding of a much
larger amount for pain and suffering alone, and that therefore the
charge was harmless.     We can not take this view of the matter.
The enlightened consciences of the jurors may have impelled them
to find less for pain and suffering than the amount fixed in their
verdict, and it may be that a portion of the verdict, although not
a large one, represents what the enlightened consciences of the
jurors fixed as compensation for lost time and diminished capacity
to labor.     It is also contended that the charge complained of was
substantially the same as the charge in the *Goodson* case, 118 *Ga.*
833, and an examination of the record and the charge in that case
discloses that similar language to that now complained of was used
by the judge in the beginning of the charge on the subject of the
measure of damages and in its conclusion.     But he dealt with the
subject in an elaborate way, and distinctly told the jury how they
should ascertain the amount to be fixed for diminished capacity to
labor, and instructed the jury so clearly that there could be no
misunderstanding that the verdict was to be made up of two
amounts fixed according to certain standards.     The error com-
mitted in the beginning and concluding portion of the charge deal-
ing with the subject of the measure of damages was thus cured,
and that was the extent of the ruling in the *Goodson* case.     We
do not think that in the present case the charge as a whole can

be said to have cured the error complained of. That portion of the charge in the *Goodson* case which was similar to the charge given in this case was never approved by this court, but the error in the charge was held not to require a new trial, for the reason that the other parts of the charge were of such a character as to do away with the harmful effects of this error. After most careful and anxious consideration of the record in this case, we feel constrained to reverse the judgment. The assignments of error other than those above dealt with relate to matters which will probably not arise upon another trial.

> *Judgment reversed. All the Justices concur.*