# GEORGIA, SOUTHERN & FLORIDA RAILWAY COMPANY
## v. WRIGHT.

1. A charge informed the jury that, if entitled to recover, the plaintiff claimed damages for the actual injury which he suffered at the time, for the loss of his arm, and for the diminution of his power to earn money, and that to that extent he was entitled to damages; that he also insisted that he was entitled to damages for the pain and suffering endured by reason of the injury inflicted; and that upon this subject the jury might allow him compensation for the mortification of living a maimed life and for the shock to his system. It then added: "The measure of those damages is such an amount as may be approved by the enlightened conscience of an impartial jury, and those damages may be awarded in addition to actual damages." Held, that such charge was inaccurately expressed, and did not clearly show what damages were included in the expression "those damages" which were to be measured by the enlightened conscience of impartial jurors, or what the presiding judge intended to be included in the expressions "such damages" and "actual damages."

(a) Viewing this charge in the light of the entire charge, and of the evidence, it would perhaps not require a new trial, if there were no other error.

2. A charge instructing the jury that they should take into consideration and give the proper effect to any evidence before them, if there be such, tending to show that there was a reasonable prospect of increased earnings on the part of the plaintiff, in case he had not been injured, should not be given, where there is no evidence to warrant it.

3. When viewed in the light of the verdict, the evidence, and the entire charge of the court, in this case, it can not be said that the charges referred to in the preceding headnotes were immaterial, or such as were not calculated to injuriously affect the defendant:

Argued October 14,—Decided May 19, 1908.

Action for damages. Before Judge Mitchell. Tift superior court. May 4, 1907.

John I. Hall, J. E. Hall, and Fulwood & Murray, for plaintiff in error.

Joseph H. Hall, Warren Roberts, and W. J. Wallace, contra.

LUMPKIN, J. Edgar S. Wright brought suit for damages against the Georgia Southern & Florida Railway Company, on account of an injury resulting in the loss of his left arm. He recovered a verdict for $10,000. A motion for a new trial was made by the defendant, which was overruled, and the defendant excepted.

1. One ground of the motion for a new trial complained of the following charge: "Now, in this case you are to determine

whether or not the plaintiff is entitled to damages, and if entitled to damages, how much is he entitled to in money. That is a question for you to determine from the evidence in this case. The plaintiff claims, that he is entitled to damages for the actual injury that he suffered at the time, the loss of his arm, and for the diminution of his powers of acquiring money by reason of labor; that he has been disabled on that account, and that his power to earn money has been diminished, and that to that extent he is entitled to damages from this railroad company. He insists also that he is entitled to damages for the pain and suffering endured by reason of the injury inflicted. Upon this subject, you may allow him compensation for the mortification of living a maimed man, and for the shock to his system. The measure of those damages is such an amount as may be approved by the enlightened conscience of an impartial jury, and those damages may be awarded in addition to actual damages." The objection to this was that the judge in this connection charged the jury upon actual damages and damages for pain and suffering, and did not instruct them as to the measure for actual damages, the only instruction as to the actual measure of damages, given in this connection, being that the measure of those damages is such an amount as would be approved by the enlightened conscience of impartial jurors; also that the judge charged that the jury might allow the plaintiff damages for shock to his system; also that there was nothing in the pleadings or evidence authorizing this charge.

The petition alleged and the evidence showed that the plaintiff's arm was crushed by being run over by the defendant's train, necessitating amputation of the member. Reference to a shock to his system was therefore not without foundation.

The charge quoted is inaccurate in its mode of expression. The expression "actual damages" is not necessarily limited to pecuniary loss, or loss of ability to earn money. Some of the decisions treat it as including damages by reason of pain and suffering. *Head* v. *Georgia Pacific Ry. Co.*, 79 *Ga.* 358, 360 (7 S. E. 217, 11 Am. St. R. 434); *Mabry* v. *City Electric Ry. Co.*, 116 *Ga.* 624, 625 (42 S. E. 1025, 59 L. R. A. 590, 94 Am. St. R. 141). It may have confused the jury to instruct them that they might award "those damages" in addition to "actual damages," without informing them what was meant by the latter expression. After having referred

to diminution of the plaintiff's power to earn money, to pain and suffering, and to mortification on account of living a maimed life, and to shock to the plaintiff's system, the statement that "the measure of those damages" was an amount to be approved by the enlightened conscience of an impartial jury was not clear. Whether the expression "those damages" referred to all of those which had just previously been mentioned, or whether it was confined to the subject of mortification and shock, or to that subject and the general item of pain and suffering, is not clearly expressed. Nor did the judge anywhere inform them what he included in the term "those damages," and what he meant by "actual damages." When viewed in the light of the entire charge, perhaps these inaccuracies in language might not require a new trial, if there were nothing else amiss, inasmuch as the judge gave instructions in regard to the mortality and annuity tables, which had been introduced in evidence, and the manner of using them in estimating damages on account of loss of capacity to labor and earn money; and these latter were the damages to which he probably had reference when he spoke of "actual damages." In the cases cited by counsel for the plaintiff in error on this subject, the charges were not identical with that here considered, but the discussion in the opinions is worthy of consideration. See *Central R. Co.* v. *Senn,* 73 *Ga.* 712; *Coleman* v. *Allen,* 79 *Ga.* 637 (5 S. E. 204); *Macon Ry. & Light Co.* v. *Vining,* 120 *Ga.* 515 (48 S. E. 232).

2. The judge gave the following charge: "You should also take in consideration and give the proper effect to any evidence before you, if there be such, tending to show that there was a reasonable prospect of increased earnings on the part of the plaintiff, in case he had not been injured." Error was assigned on this charge, in one of the grounds of the motion for a new trial. It was taken from the forms of charges suggested in *Florida Central R. Co.* v. *Burney,* 98 *Ga.* 1, 6-14 (26 S. E. 730), as proper to be given, according as the evidence might furnish a basis for them. Some of them were adjusted to a case where the suit was for a homicide and there was evidence as to the annual earnings or earning capacity of the decedent. Others were suggested in a case where there was a permanent injury, and evidence of diminished capacity to labor and earn money. In connection with the suggested charges in each of these two classes of cases, it was said

that "in a proper case" (or, as also expressed, "if the evidence so warrants"), a charge of the character of that complained of might be given, the language being modified so as to adjust it to the actual case in hand, according as it might be a suit for homicide or for injury. It was said, however, "but this should not be done unless in view of all the testimony the propriety and fairness of such an instruction is manifest." (p. 11). In *Georgia Cotton Oil Co.* v. *Jackson,* 112 *Ga.* 620 (37 S. E. 873), it was held that "A charge instructing a jury to take into consideration a plaintiff's 'prospects of increased earnings' should not, when there is no evidence to warrant it, be given." The same Justice who prepared the opinion of the court in the former case did so in the latter. In the opinion it was said: "We took especial pains to state precisely when a charge with respect to increased earning capacity would be authorized.: when 'the evidence so warrants.'" This decision was concurred in by the entire bench, and is binding law. In *Southern Railway Co.* v. *Scott,* 128 *Ga.* 244 (57 S. E. 504), the rule thus established was followed, and it was held that the giving of the same charge to which exception is now taken was error, where there was no evidence to warrant it. If the rule of stare decisis has any force, this is not an open question while the decisions referred to stand. In order that it may clearly appear that the evidence in this case does not furnish any ground of distinction from the cases of the *Georgia Cotton Oil Co.* in 112 *Ga.,* and *Southern Railway Co.* in 128 *Ga.,* we attach a summary of the evidence appearing from the records on file in each, bearing on this subject.

In the *Georgia Cotton Oil Company* case the plaintiff testified before the jury as a witness. He was 38 years of age, had always had good health, always had good work, and was never without a job before the injury. At the time of the injury he was employed by the defendant at a machine called a "former" and was earning $1 per day. Four of his fingers were crushed. He could not use his hand for ten months. Since then he had not been able to do much, and had only earned $12. He recovered $988. Held, error to charge as to reasonable prospects of increased earnings.

In the *Southern Railway* case the plaintiff testified before the jury as a witness. He was 29 years of age, was in good health, was a public drayman, had been so engaged about a year and a

half, was earning $1.25 per day; shoulder and feet were hurt; he had to keep right foot elevated for about 11 months after the injury, can not walk or stand on that foot, or earn anything except "at a sitting position;" foot smaller and crooked; now (at time of trial) earning $6 and $6.50 per week. A witness who knew him testified that the plaintiff was of sober habits, so far as he had seen. Verdict for plaintiff for $1,899. Held, error to give the identical charge involved in the case at bar.

In the case at bar the plaintiff testified before the jury as a witness. He was 24 years of age. His health was good—as good as he ever had (though whether that was good or bad does not positively appear). Lost left arm. He was working as a flagman; earning $67 and $70 per month; had formerly been a retail clothing salesman; since the injury had secured a place as traveling salesman at $45 per month and expenses when traveling; had held it about a month. Verdict, $10,000.

A comparison of the evidence in the three cases will show more on the subject in each of the other two than in this one. A unanimous bench held that there was no evidence in either to authorize a charge on the subject of prospects of increased earnings, and that such charge was error. Cases of injuries and the measure of damages to children are not here involved.

It does not require much evidence on the subject to authorize a charge of the character of the one here given; but it requires some. In the case of *Southern Ry. Co.* v. *Scott,* supra, there was some discussion touching the common and ordinary course of human life and death, as known to all men, and the specific question of a charge referring to evidence of a reasonable prospect of increased earnings on the part of the plaintiff.

In the case of *Central of Georgia Ry. Co.* v. *Minor, 2 Ga. App.* 804 (59 S. E. 81), the Court of Appeals drew a distinction between the expression "earnings" and "earning capacity," and between "prospects of increased earnings" and "probabilities of an increase of earning capacity." Without entering into a consideration of the distinction there drawn, it is sufficient to say that the charge then under consideration was different from that before us. Moreover, the evidence was very different from that in the present case. The official report shows that there was evidence that at the time of his death the deceased was 26 years

old, perfectly healthy, had no bad habits, and was a bright young man; that he was a member of the city fire department for years, and in that employment received $60 per month, and that the city furnished him with light, lodging, and heat, free.

3.   Should the giving of the charges discussed in the two preceding divisions of this opinion require a new trial?. We appreciate and adhere to the rule that verdicts and judgments will not be upset for mere technical inaccuracies in a charge which could not, or probably did not, affect the trial or cause injury to the losing party.   It is material error which will require a reversal.

In the present case we have carefully considered the evidence, the entire charge, and the verdict.   From such an examination we can not say that these somewhat confused and erroneous charges together were harmless, or did not probably affect the jury in fixing the amount of damages.   As the case is to be returned for a new trial, we think it best not to enter into a discussion of the reasons for this statement, or of the evidence, or the verdict.   Let the case be again tried and with a charge free from these faults.

The charge set out in the second ground of the amended motion, and to which exception was also taken, was hardly subject to the criticism made on it.

*Judgment reversed.   All the Justices concur.*