*Roy Lewis,* contra.

---

14721.  JERNIGAN *v.* GEORGIA RAILWAY & POWER COMPANY *et al.*

JENKINS, P. J.  "Where a petition plainly shows on its face an absence of liability on the part of the defendant, either because the injury was occasioned by the plaintiff's own negligence, or because by the exercise of ordinary care he could have avoided the consequences of defendant's negligence, or because the acts of negligence charged against the defendant could not legally constitute the proximate cause of the injury, it can be attacked by general demurrer as failing to set forth a cause of action." *Rome Ry. & Light Co.* v. *King*, 30 *Ga. App.* 231 (117 S. E. 464 (2)).

2. In looking to the safety of their passengers, it is the duty of the operatives of a street-railway company to exercise proper caution, not only in enabling passengers to safely leave their car, but to select a reasonably safe place at which they may alight.  If by the company's direction passengers be landed when and where they might reasonably be exposed to unusual and unnecessary peril, the company would be guilty of negligence, and for such a tort might be liable for any injury proximately resulting therefrom.  But in an action by a passenger, brought jointly against such a company and the alleged reckless driver of an automobile which is alleged to have run against the petitioner soon after he had left the car, the mere fact that the petitioner had been directed to leave the car from its left side could not be accounted negligence on the part of the company, in the absence of any further and additional allegation indicating how or why.  See, in this connection, *Rome Ry. & Lt. Co.* v. *King, supra.*

3. Even were it possible to construe the petition as thus setting up a valid ground of possible negligence, the pleadings of the plaintiff ab-

18

solve the defendant from liability, for the reason that the petition shows on its face that the defendant had fully complied with its obligation to exercise due and proper caution in permitting the plaintiff to alight and in selecting a reasonably safe place in which to do so, since it appears that the accident did not occur at the time and place at which the passenger was landed, but "while he was passing from the street-car to the sidewalk." The duty devolving upon a street-railway company to provide a reasonably safe place at which its passengers may alight does not render it responsible for the hazards occasioned by the acts of other persons, incident to crossing over, at a proper place for crossing, to the opposite sidewalk. *Macon Ry. &c. Co.* v. *Vining,* 120 *Ga.* 511, 513 (48 S. E. 232); *Augusta, Ry. Co.* v. *Glover,* 92 *Ga.* 132 (1), 146, 147 (18 S. E. 406); *Ga. Ry. & Elec. Co.* v. *Norris,* 135 *Ga.* 838 (70 S. E. 793); *Ga. Ry. & El. Co.* v. *McAllister,* 126 *Ga.* 447 (54 S. E. 957, 7 L. R. A. (N. S.) 1177).

4. The court, on demurrer, did not err in dismissing the suit as against the street-railway company.

                    *Judgment affirmed. Stephens and Bell, JJ., concur.*

                    DECIDED NOVEMBER 27, 1923.

Action for damages; from Fulton superior court—Judge Bell. April 27, 1923.

*John S. Highsmith,* for plaintiff.

*Colquitt & Conyers, Alexander & Meyerhardt,* for defendants.