18724. GEORGIA RAILWAY AND POWER COMPANY *v.* GILBERT.

DECIDED DECEMBER 14, 1928.

*Colquitt & Conyers, Sidney Smith,* for plaintiff in error.
*D. K. Johnston,* contra.

BELL, J. 1. "In *Georgia Railway & Electric Co.* v. *Reeves,* 123 *Ga.* 697 (51 S. E. 610), and *S. A. L. Ry.* v. *Bishop,* 132 *Ga.* 71 (63 S. E. 1103), it is clearly ruled that a person injured in alighting from a moving train, or even from a stationary train, by the running of the company's locomotive, cars, or machinery is entitled to the statutory presumption." *Southern Railway Co.* v. *Parham,* 10 *Ga. App.* 531 (5), 539 (73 S. E. 763). It follows that in the present case, which was a suit to recover damages for an injury to a passenger in alighting from a street-car, the court did not err in giving in charge to the jury the provisions of the Civil Code (1910), § 2780, as to the presumption against a railroad company in case of injury by the running of its trains or by any person in the employment and service of such company.

2. In such a case a further charge that, upon proof of the injury as alleged in the petition, "then the presumption of negligence would arise against the defendant company and the burden would then be upon the defendant to rebut that presumption, by showing it was not negligent, and by making it appear, from the evidence, that its agents and servants exercised extraordinary care and diligence in connection with these specifications in which it is

charged that its negligence consisted; or to show that the injury occurred not through its negligence, but was due to the fact that the plaintiff did not exercise ordinary care on her part, and that by the exercise of such care she could have avoided the consequences to herself of the defendant's negligence, if it appears the defendant was negligent," was not erroneous upon the ground that it placed upon the defendant a greater burden than was authorized by law. The defenses which may be interposed in a case of this character are: (1) that the company's agents have exercised all ordinary and reasonable care and diligence to avoid the injury; (2) that the damage was caused by the negligence of the person injured; (3) that he consented to it; (4) or that the person injured could, by the use of ordinary care, have avoided the injury to himself, although caused by the defendant's negligence. *Murphy* v. *Georgia Ry. & Power Co.,* 146 *Ga.* 297 (3) (91 S. E. 108); *Georgia R. Co.* v. *Thomas,* 68 *Ga.* 744 (3). While this charge failed to include the second and third of these defenses, it was not excepted to upon that ground; and whether, under the pleadings and the evidence, the failure to include such defenses would have amounted to reversible error, if such exception had been taken, is a question not presented for decision in the present case.

3. Under the issues made by the pleadings and the evidence, the court erred in giving to the jury the following charge: "It was the duty of the defendant in this case to transport the plaintiff in a safe manner, and to offer her a reasonably safe place in which to alight from the car of the defendant; and the duty was on the defendant to exercise extraordinary care and caution to see that the plaintiff did alight in a safe place without injury to her." Under the facts appearing, the law placed upon the defendant, as to the plaintiff's alighting from the car, the duty only of exercising extraordinary care to furnish to the plaintiff a safe place to alight (*Central of Georgia Ry. Co.* v. *Brown,* 141 *Ga.* 553 (1), 81 S. E. 857); whereas the charge quoted above was reasonably susceptible of a construction which would have made the defendant liable for the plaintiff's injury notwithstanding the defendant may have exercised such care. The learned judge doubtless did not intend that his charge should be so understood, yet it tended to mislead the jury, and for that reason a new trial should have been granted. *Southern Ry. Co.* v. *Skinner,* 133 *Ga.* 33 (1) (65 S. E. 134);

*Louisville & Nashville R. Co.* v. *Rogers,* 136 *Ga.* 674 (2) (71 S. E. 1102); Civil Code (1910), § 2714.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*