## 21797.   MARTIN *v.* GEORGIA POWER COMPANY.

PER CURIAM.   1. "It is the duty of a street-car company to select a reasonably safe place for landing passengers wherever it may stop a car for that purpose.   The duty which the law imposes upon an ordinary railroad company, to provide and maintain a safe place for landing its passengers, has no application to a street-car company operating its line along a public street or road; but the duty imposed upon such a company is, as stated, to select a reasonably safe place for landing its passengers, and to make such selection with reference to getting off the car while the same is at rest.   The company is not responsible for any peril which the passenger incurs, without its fault, after the stoppage has terminated, and the passenger has secured a safe footing upon the street." *Macon Railway Co.* v. *Vining,* 120 *Ga.* 511, 513 (48 S. E. 232); *Augusta Ry. Co.* v. *Glover,* 92 *Ga.* 132 (10) (18 S. E. 406).   See also *Bird* v. *Savannah Electric Co.,* 16 *Ga. App.* 453 (33 S. E. 621).

2. In the instant case the petition alleged that the plaintiff, "while in the act of alighting from the street car, or immediately after she had reached the ground," was struck by an automobile running at a high and reckless rate of speed, "to wit, twenty-five or thirty miles per hour," which was undertaking to pass a standing street-car that had stopped at a regular stop for the purpose of discharging the plaintiff, as passenger, at her destination, the automobile undertaking to pass it on the right-hand side, upon which the plaintiff had alighted.   The allegation of the petition, being in the alternative, must be construed most strongly against the pleader, and as alleging, therefore, that the plaintiff was struck by the automobile immediately after she had alighted from the street-car, and after she had obtained safe footing upon the ground. *Baggett* v. *Edwards,* 126 *Ga.* 463 (56 S. E. 250).   Accordingly, under the ruling in *Jernigan* v. *Georgia Railway & Power Co.,* 31 *Ga. App.* 273 (120 S. E. 439), the petition failed to set forth a cause of action, and was properly dismissed on demurrer.   If, as alleged by the petition, the automobile approached the street-car at a "high and reckless rate of speed, to wit, twenty-five to thirty miles per hour,"—that is, construing the allegation against the pleader, at a rate of speed of forty-four feet per second,—knowing, as we must, that bringing the car to a stop and permitting the plaintiff to alight therefrom to the ground, even though she was standing on the platform at the nearest point of egress at the time the car stopped, must necessarily have consumed at least about three or four seconds, the automobile must have been at least about 150 feet from the street-car at the time the car was stopped, and must have been at least 100 feet from the street-car at the time the

plaintiff commenced to alight therefrom. As we see it, no matter how many operatives the defendant company may have had on its car, it could not have had any reason whatsoever to assume that the driver of the automobile at the distance stated would violate the statute of the State which requires that an automobile be brought to a full stop not less than five feet from the rear of any street-car headed in the same direction which has stopped to take on or discharge passengers (Ga. L. 1927, pp. 226, 237, § 12(h)), but, in disregard of this statute, would dash into the plaintiff as she stood upon the ground or moved towards the sidewalk after alighting. To our minds, the petition conclusively and undoubtedly shows that the proximate cause of the injury to the plaintiff was the act of the driver of the automobile and not of the defendant street-car company. To hold otherwise would be to require that before a street-car should be permitted to stop in order for a passenger to alight, the servant or servants of the street-car company must look back and see that every automobile moving in the same direction as the street-car had already come to a full, dead stop. This is impossible, because the law requires the automobile to come to a full stop only when the street-car does. Nothing is alleged as to whether the street-car had doors which had to be opened before the passenger could alight. If such were in fact the case, to hold other than what we do would be to require that the street-car should stop, and then wait until approaching automobiles had come to a full stop, as under the law they are required to do, before the door was opened. In either event, the effect of any ruling contrary to this would be to paralyze the usefulness of the service supplied by street-car companies, where, as is well known, from the very necessity of the case, the stops and starts must be most frequent and brief in order to at all subserve the use intended by the service. *Columbus Railroad Co.* v. *Joyce*, 25 *Ga. App.* 652, 655 (104 S. E. 21).

3. Under the foregoing rulings, the judge of the superior court did not err in refusing to sanction the plaintiff's petition for certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur. Stephens, J., concurs specially.*

DECIDED SEPTEMBER 28, 1932.

*Hallie B. Bell, Julian F. Urquhart,* for plaintiff.
*Ellis & Fowler,* for defendant.

STEPHENS, J. As I understand the law, there could be a cause of action against a street-car company for damage to an alighting passenger resulting from his being hit by an approaching automobile, where the circumstances were such that the operatives of the street-car company negligently failed to give the passenger a safe place to alight. See Woods *v.* North Carolina Public Service Cor., 174 N. C. 697 (94 S. E. 459, 1 A. L. R. 942); Lyons *v.* Pittsburgh Railways Co., 301 Pa. St. 499 (152 Atl. 687). I think this

would be particularly true with reference to closed cars where, by the opening of the doors by the servants of the street-car company, an invitation is thereby extended to a passenger to alight. Applying to the petition the rule that the allegations therein must be construed most strictly against the pleader, I am not satisfied that the petition, when so construed, sets out a cause of action. I concur in the judgment of affirmance: