DURFEY *v*. MILLIGAN.

MATCHURET *v*. SAME.

1. APPEAL AND ERROR—TAXICABS—BIRD CAGES.
   Finding of court that taxicab passenger's burns which were most severe from waist to feet were due to fire from exhaust heater is not disturbed on appeal where there is positive testimony by both passengers that a blue flame came from heater and that bird cage made of inflammable material was held by plaintiff on her lap and defense relied upon expert testimony that exhaust did not contain inflammable gases and that bird cage must have been resting on car heater and, by disintegration from heat, formed gas which exploded.

2. CARRIERS—TAXICABS—DEGREE OF CARE.
   Taxicab owner, being a common carrier, has duty to exercise high degree of care for protection of passengers.

3. SAME—NEGLIGENCE—EVIDENCE.
   Passenger of common carrier does not have the burden of pointing out by direct evidence the specific breach of duty by the carrier.

4. NEGLIGENCE—ACCIDENT—INFERENCES.

While accident alone is not evidence of negligence, accident it-
self together with surrounding circumstances and legitimate
inferences may establish negligence.

5. SAME—PRESUMPTIONS.

Where a thing happens which would not ordinarily have oc-
curred if due care had been used, the fact of such happening
raises a presumption of negligence in some one.

6. CARRIERS—NEGLIGENCE—FIRES—EXHAUST HEATER.

Finding of court that preponderance of evidence demonstrated
negligence of taxicab owner in that he failed to provide a safe
vehicle and make proper inspection thereof is not disturbed,
where fire occurred in passenger compartment of taxicab and
there was evidence that exhaust heater was defective.

Appeal from Wayne; Pugsley (Earl C.), J., pre-
siding. Submitted October 5, 1933. (Docket Nos.
70–73, Calendar Nos. 36,959–36,962.) Decided De-
cember 5, 1933.

Separate actions of case by Alta Durfey, by next
friend, James Durfey, Margaret Matchuret and
Herman Matchuret against Clarence A. Milligan
and Grant Starbuck for damages for personal inju-
ries sustained by plaintiffs Alta Durfey and Mar-
garet Matchuret while passengers in defendants'
taxicab. Cases consolidated for trial. Judgments
for plaintiffs. Defendant Starbuck appeals. Af-
firmed.

*Atkinson, Ortman & Shock* (*Frank J. Ortman*, of
counsel), for plaintiffs.

*Edward N. Barnard,* for defendant Starbuck.

FEAD, J. About midnight of Christmas eve, 1927,
plaintiff, Alta Durfey, and her sister, Margaret
Matchuret, employees in a Mary Lee Candy Shop
in Detroit, started home in a taxicab owned by ap-

pellant and driven by Clarence Milligan. They had several Christmas parcels which Milligan laid on the floor of the cab some eight inches in front of the back seat heater. Plaintiff carried in her lap a bird cage, made of an inflammable substance, probably celluloid. When they had ridden some 15 minutes a fire occurred in the cab and both were severely burned. Plaintiff had judgment on trial before the court without a jury.

In its opinion the court spoke highly of the candor and veracity of the women. Both said they first saw a blue flame coming from the heater. Plaintiff at the time was leaning over the bird cage and it "exploded" into flames. The women were burned in the face, arms and body, but the most severe burns on both were from the waist to the feet. The upholstering of the back seat was burned.

Attempt was made by expert testimony to indicate that the bird cage must have been resting on the car heater and, by disintegration from heat, gas was formed which exploded. Also it was claimed that the exhaust did not contain inflammable gases. The court weighed this theory against the positive testimony of the passengers. If, as the court found, plaintiff held the bird cage on her lap, the character and location of the burns strongly support the claim that the fire came from the heater. We cannot say that the court erred in so finding.

No specific imperfection in the car was shown but, in addition to finding that the driver did not stop within a reasonable time after the alarm was given, the court held that defendant's negligence consisted in failing to provide a safe vehicle and to make proper inspection.

Defendant, a common carrier, had the duty to exercise a high degree of care for the protection of

passengers. *DeJager* v. *Andringa,* 241 Mich. 474. The law does not throw upon the passenger of a common carrier the often impossible burden of pointing out by direct evidence the specific breach of duty by the carrier. While the accident alone is not evidence of negligence, the accident itself, together with the surrounding circumstances and legitimate inferences, may establish negligence (*Burghardt* v. *Railway,* 206 Mich. 545 [5 A. L. R. 1333]; *Ignaszak* v. *McCray Refrigerator Co.,* 221 Mich. 10), and—

"where a thing happens which would not ordinarily have occurred if due care had been used, the fact of such happening raises a presumption of negligence in some one." *Barnowsky* v. *Helson,* 89 Mich. 523 (15 L. R. A. 33).

Obviously if the fire came from the heater and the heater was a proper one, properly installed, and kept in proper condition, the fire would not have occurred because exhaust heaters are in common use and such accidents are uncommon. We are not able to say that the court erred in holding that a preponderance of the testimony demonstrates defendant's negligence.

In addition to this suit by plaintiff, actions were brought by her father, James Durfey, by Margaret Matchuret and her husband, Herman Matchuret. The causes were consolidated for trial and judgments entered in behalf of all plaintiffs. As the instant judgment is affirmed, the others follow it and no separate opinions are necessary.

Judgments for plaintiffs, with costs, in the four cases are affirmed.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.