25781. LOCKE *et al. v.* FORD, next friend.

JENKINS, P. J. 1. The operators of a taxicab business of transporting the general public for hire are carriers of passengers, and amenable to the legal duty of exercising extraordinary diligence for their protection. Code, §§ 18-201, 18-204; *Durfey v. Milligan,* 265 Mich. 97 (251 N. W. 356); 10 C. J. 606, 607, §§ 1033, 1034, and cit.

2. A child four and a half years old is conclusively presumed to be incapable of contributory negligence. *Crawford v. So. Ry. Co.,* 106 *Ga.* 870 (2) (33 S. E. 826).

3. Ordinarily a common carrier of passengers by street-car or other conveyance on city streets discharges its legal duty to a passenger when it deposits him at a usual and reasonably safe place for alighting and crossing the street, and is under no obligation to wait until approaching automobiles have stopped, or to warn him of the usual dangers of traffic, which in his exercise of ordinary care would be avoidable. But a common carrier is not permitted to deposit a passenger at a place which it knows will reasonably expose him to unusual and unnecessary peril, and it may be held liable for a proximately resulting injury. *Macon Railway & Light Co. v. Vining,* 120 *Ga.* 511, 513 (48 S. E. 232); *Augusta Ry. Co. v. Glover,* 92 *Ga.* 132 (10), 146 (18 S. E. 406); *Jernigan v. Georgia Power Co.,* 31 *Ga. App.* 273 (2, 3) (120 S. E. 439); *Georgia Railway & Power Co. v. Gilbert,* 39 *Ga. App.* 56 (146 S. E. 33); *Metts v. L. & N. R. Co.,* 52 *Ga. App.* 115, 117 (182 S. E. 531); *Martin v. Georgia Power Co.,* 45 *Ga. App.* 799 (165 S. E. 880); 10 C. J. 914, § 1340.

4. Voluntary, intentional concert in the acts of tort-feasors is not necessary to create joint liability, if the separate acts combine naturally and directly to produce, and thus constitute, the proximate cause of a single

injury. *Kelly* v. *Georgia Railway & Power Co.*, 24 *Ga. App.* 439 (4) (101 S. E. 401); *Scearce* v. *Gainesville*, 33 *Ga. App.* 411 (3) (126 S. E. 883); *McGinnis* v. *Shaw*, 46 *Ga. App.* 248 (167 S. E. 533); *Georgia Power Co.* v. *Kinard*, 47 *Ga. App.* 483, 486 (170 S. E. 688); *Longino* v. *Moore*, 53 *Ga. App.* 674 (187 S. E. 203); and cit.

5. The instant amended petition by a next friend of a child four and a half years old, suing the operators of a taxicab and the driver of a truck which ran over the child after the driver of the taxicab had deposited her between crossing streets in the center of a heavily-traveled city street, opposite a residence which was her destination, stated a cause of action as to the taxicab operators, who alone demurred and excepted. The court did not err in overruling their general demurrers. See Roden *v.* Conn. Co., 113 Conn. 408 (155 Atl. 721); 96 A. L. R., 732-734. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 28, 1936.

*Slade, Swift, Pease & Davidson,* for plaintiff in error.
*W. R. Flournoy, Palmer & Wohlwender,* contra.