CHRISTOFF v., NOTO.

1. AUTOMOBILES—INTERSECTION—RIGHT OF WAY—EVIDENCE—SPEED OF TAXICAB—NEGLIGENCE.

Testimony of plaintiff's fellow passenger in defendants' east-bound taxicab and that of bystander at intersection where taxicab collided with northbound truck as to speed of taxicab was sufficient to raise an issue of fact to permit the jury's determination regarding negligence.

2. SAME—TAXICAB—INSTRUCTIONS—HIGH DEGREE OF CARE AS TO PASSENGER—ORDINARY NEGLIGENCE.

Portion of instruction that taxicab owner and operator owes a high degree of care to passenger, when read in connection with instructions in entirety adequately covering question of due care *held*, not to have conveyed an erroneous impression as to necessity of proving ordinary negligence on part of taxicab operator.

3. DAMAGES—RIB FRACTURES—PAIN AND SUFFERING—LOSS OF EARNINGS.

Verdict, as remitted down to $2,500, *held*, not excessive in view of 3 items of damages considered, *viz.*, rib fractures, pain and suffering, and loss of earnings.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 5, 1950. (Docket No. 11, Calendar No. 44,647.) Decided May 18, 1950.

Case by John Antoff against William Vito Noto, Frank D. Colliau and Angelo Perrano for personal injuries sustained in an automobile accident. Wil-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles, § 689.
[2] 5 Am Jur, Automobiles, § 739.
[3] 15 Am Jur, Damages, §§ 72, 89, 90.

liam Christoff, administrator of the estate of John Antoff, deceased, substituted as party plaintiff. Verdict and judgment for plaintiff against defendants Colliau and Perrano. Defendants appeal. Affirmed.

*James G. McHenry (Howell S. White,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendants.

BUSHNELL, J. Plaintiff William Christoff, administrator of the estate of John Antoff, deceased, brought this personal injury action against defendants William V. Noto, Frank D. Colliau, and Angelo Perrano.

Antoff was injured on May 29, 1946, in an intersection collision in the city of Detroit between a taxicab owned by Perrano and operated by Colliau and a truck driven by Noto. He was riding with 2 friends in the rear seat of the cab. The day was clear and dry. Perrano's taxicab was traveling easterly on Monroe avenue at about 35 miles per hour, and Noto's truck was moving northerly on Joseph Campau avenue at about 15 miles per hour. Neither thoroughfare was a stop street. When Noto saw the cab coming at what he claimed was a high rate of speed, he turned his wheels, locked his brakes, and "stopped completely." The right-rear fender of the cab caught on the left-front bumper of the truck and the cab finally stopped on the northeast corner of the intersection over the curb and against a pole. The only impartial eyewitness was unable to say which vehicle hit the other.

Antoff was taken to a hospital. Two weeks later, and continuing for a year thereafter, he made repeated trips to Dr. Henry D. Stricker's office. He complained of persistent pain, and was treated for broken ribs and internal injuries. The doctor testi-

fied that Antoff was unable to work "due largely to pain with lack of sleep." Almost 4 months later, when again in the hospital, Antoff was found to be suffering from a number of previous critical and serious maladies, although he had appeared to be in good health before the accident. He sold his restaurant after the accident and died about a year and a half later.

The jury's verdict was in favor of Noto and against Colliau and Perrano in the amount of $5,333. The trial judge granted defendant's motion for a new trial, unless the sum of $2,833 was remitted. A remittitur was filed.

Appellants claim that the judgment entered is still excessive, that the trial judge erred in charging the jury and in denying their motion for a directed verdict.

The denial of defendant's motion for a directed verdict at the close of plaintiff's case was proper.

John Selzer, a passenger in the cab, and Emanuel Smith, who was standing at the intersection at the time of the collision, were witnesses for plaintiff. They had testified to the rapid speed of the taxicab through the intersection and the apparent failure of the driver to look out or yield the right of way to the truck approaching from the right. This testimony raised a sufficient issue of fact to permit the jury's determination regarding negligence.

Appellants complain that the following instruction to the jury was erroneous:

"There is a special rule of safety which applies in this case, as far as the cab driver is concerned, and which arises out of the fact that he was operating a vehicle for hire. The degree of care which a railroad or taxicab or a bus, owner and operator, owes to a passenger is a high degree of care, not ordinary care, such as one driver—one pedestrian owes to another. The degree of care is a higher degree because of the

fact that one enters a vehicle, pays for transportation, and while it isn't insurance, it doesn't mean that no matter how he may be injured and might recover, nevertheless, the law imposes a higher degree of care because of the position of the carrier as a common carrier for hire upon the operator of that vehicle toward his passengers."

This portion of the charge is supported by *Durfey* v. *Milligan,* 265 Mich 97, and *Bordner* v. *McKernan,* 294 Mich 411, 414.

Appellants argue that while the language of the charge may have been correct, it nevertheless conveyed the impression that plaintiff might recover by proving less than ordinary negligence, and that the statement, therefore, should have been clarified. The court's instructions, in their entirety, adequately covered the question of due care. We cannot say that the particular instruction conveyed an erroneous impression to the jury.

Three items of damages were considered: Rib fractures, pain and suffering, and loss of earnings. The verdict as remitted was not excessive.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.