## SANDERS v. CITY OF DETROIT, DEPARTMENT OF STREET RAILWAYS.

1. CARRIERS—NEGLIGENCE—EVIDENCE—INSTRUCTIONS.

    Instruction that the law does not place upon a passenger of a common carrier the often impossible burden of pointing out by direct evidence the specific breach of duty by the carriers because the accident itself, together with the surrounding circumstances and legitimate inferences, may establish negligence *held*, proper.

2. APPEAL AND ERROR—INSTRUCTIONS—OBJECTIONS.

    Objection to instructions, not properly raised at trial, will not be considered on appeal.

3. SAME—QUESTIONS NOT ARGUED.

    An appellate court will not consider a question raised on appeal when no argument, factual or legal, was presented on that question by appellant.

Appeal from Common Pleas Court of Detroit; Pernick (Joseph J.), J. Submitted Division 1 May 14, 1968, at Detroit. (Docket No. 3,455.) Decided June 10, 1968.

Declaration by Ora L. Sanders against the City of Detroit, Department of Street Railways, a municipal corporation, for injuries sustained while plaintiff was a passenger on defendant's bus. Ver-

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur 2d, Carriers § 1194.
[2, 3] 5 Am Jur 2d, Appeal and Error § 545.

dict and judgment for plaintiff.  Defendant appeals. Affirmed.

*Dann, Rosenbaum, Bloom & Kaufman* (*Henry A. Krolik,* of counsel), for plaintiff.

*Manuel Zechman,* General Counsel, and *Michael F. Peters,* Attorney, for defendants.

PER CURIAM.  The City of Detroit, Department of Street Railways, appeals a jury verdict of $750 in favor of Ora L. Sanders.. Mrs. Sanders suffered injuries when she sat on a pin or pin-like strand of metal imbedded in a seat on one of the defendant's buses.  When observed after the accident the pin was sticking straight up about 2 inches from the top surface of the seat.  The thickest part of the seat's cushion is 2–1/2 inches thick.  Shortly before Mrs. Sanders boarded the bus it had completed a turn-around layover during which, the driver testified, he had inspected the seats and found no foreign object.  Five or 6 passengers had boarded before Mrs. Sanders.

On appeal the defendant argues that an instruction to the jury, objected to prior to retirement of the jury to consider its verdict, was incorrect.  The instruction was based on language used by the Court in *Durfey* v. *Milligan* (1933), 265 Mich 97, 100, and the giving of the instruction was not error.  See, also, *Bolton* v. *City of Detroit* (1968), 10 Mich App 589.  Another objection to the instructions urged on this appeal was not timely raised and will not be considered.  Nor will we consider the question: "Did the trial court err in denying defendant-appellant's motion for a new trial?", no argument whatsoever, factual or legal, having been stated in appel-

lant's brief in support of its proposed "Yes" answer to that question.

Affirmed. Costs to appellee.

Levin, P. J., and Holbrook and Beer, JJ., concurred.