## Martin, Appellant, v. Philadelphia Rapid Transit Co.

*Negligence—Street railways — Passenger — Getting on car — Passing automobile—Regulations as to entering car—Proximate cause.*

1. A street railway company may require passengers to enter cars on the side next to a state highway contiguous to its tracks, although the entrance to the car on the other side may be safer.

2. If a passenger so entering the car is killed by the direct, independent and negligent act of the driver of a passing automobile, the railway company is not liable for the death although the passenger demanded to be admitted by the door on the safer side. Klingensmith v. West Penn Rys., 279 Pa. 336, followed.

Submitted January 12, 1925. Appeal, No. 89, Jan. T., 1925, by plaintiff, from judgment of C. P. Bucks Co., June T., 1923, No. 3, for defendant, on statutory demurrer, in case of William H. Martin v. Philadelphia Rapid Transit Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's daughter. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on statutory demurrer. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*John L. DuBois,* for appellant.—A trolley company must provide a reasonably safe means of ingress and egress: Keller v. Ry., 149 Pa. 65; Hartzig v. R. R., 154 Pa. 364; Chittick v. Transit Co., 224 Pa. 13; Hoag v. R. R., 85 Pa. 293.

*Harman Yerkes,* for appellee.

PER CURIAM, February 2, 1925:

Plaintiff filed a statement of claim in which he averred that, on September 16, 1922, at six-thirty in the evening (daylight-saving time), Pearl H. Martin, his daughter, aged seventeen years, signaled a trolley car of defendant company to stop and take her aboard; the car came to a standstill and she indicated her intention to board it by the right rear entrance, but the conductor refused to admit her there, opening the left rear door, where the roadbed of a state highway, running parallel to defendant's track, was so close that the steps of the car overhung it by several inches, and automobiles were passing every few seconds; whereas the right side door opened on level ground, free from dangerous traffic. The statement then alleges that Pearl B. Martin, who, in the act of ascending the steps of the car was struck by a passing automobile, "came to her death through the unlawful refusal of defendant's conductor to open the door on the right and safe side of the trolley car and the negligent and unlawful compulsion to board the car by the left and unsafe side." On the negligence thus averred, plaintiffs claimed damage to the amount of twenty thousand dollars.

Defendant filed a statutory demurrer to the effect that "the statement of claim shows the injury complained of was sustained by the direct, independent, negligent act of another, one John Kowalski [the driver of the automobile], to which defendant was in no way a party, and for which defendant was and is not chargeable."

The court below very properly entered judgment for defendant: see Klingensmith v. West Penn Ry. Co., 279 Pa. 336, 339.

The judgment is affirmed.