## McCarty, Appellant, v. Gochnauer et al.

Argued May 23, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Walter S. Mellinger,* for appellant.

*Windolph & Mueller,* for appellee, were not heard.

PER CURIAM, June 30, 1933:

Appellant complains of the action of the lower court in entering judgment for the Conestoga Transportation Company upon an affidavit of defense raising questions of law. Appellee was codefendant in an action of trespass to recover damages for injuries received by plaintiff when struck by a motorcycle driven by defendant Gochnauer shortly after she (plaintiff) alighted from a trolley car of the Conestoga Company. The accident occurred on the evening of April 4, 1931, about 8:15 o'clock, two squares west of the city limits of Lancaster, at the intersection of Spencer Avenue and the Lincoln Highway. At this point the Conestoga Company maintains platforms for receiving and discharging passengers, in connection with its trolley line, the tracks being located on the northerly side of the highway. Plaintiff, together with several other passengers, alighted on the platform from an eastbound car, and while in the act of crossing from the northerly to the southerly side of the highway she was run down by Gochnauer's motorcycle. The alleged negligence on the part of appellee was the discharge of its passengers at "an exceedingly dangerous point."

The facts clearly negative any imputation of negligence on the part of appellee. Plaintiff alighted from the trolley, not upon the highway but upon a landing platform adjacent to and north of the highway on appellee's right-of-way. Plaintiff's assertion that the platform is not safe is a groundless conclusion, as the trolley company is not bound, as plaintiff argues, to anticipate that passing automobiles will leave the highway at the

point in question and injure persons entering or leaving its cars. At all events the accident here occurred, not by a motorist striking a passenger on the landing platform, but by the driver of a motorcycle running down plaintiff in the roadway after she had left the platform, a place of safety, and was walking across the cartway.

There being no negligence on the part of appellee and indeed no causal connection between the injury and the acts complained of, the lower court properly entered judgment for appellee and directed the case to proceed as to the codefendant Gochnauer. See Martin v. P. R. T. Co., 282 Pa. 358.

The judgment is affirmed.