THE TEXAS PACIFIC RAILWAY COMPANY V. GEORGE BUCKELEW.

No. 149.

1. .Continuance on the Ground of Surprise.—See opinion for a motion for continuance upon the ground of surprise, held properly overruled.

2. Allegation and Proof.—Allegation that the wreck in which the plaintiff was injured was caused by a defective roadbed, would not permit proof that the wreck was caused by a broken axle; and a charge that if the wreck was caused by a defective axle. and not by a defective roadbed, as alleged by the plaintiff, that he could not recover, was correct.

3. Degree of Care Required of Carriers of Passengers.—There was error in instructing the jury that the defendants " owe the duty to their passengers to use the highest degree of care to safely land them at their point of destination." This charge instructs the jury, in effect, that railways are insurers against injuries to their passengers. The law imposes a very high degree of care upon those who for compensation transport people by rail in cars propelled by steam, but does not make such carriers insurers of the safety of their passengers.

4. Derailment Presumption of Negligence.—When a passenger is injured without fault of his, the law raises no presumption that the injury is the result of the negligence of the carrier, nor does it place the burden of proof upon the carrier to show that the injury was not caused by the negligence of the carrier, and a charge which so instructs is error. While in many instances negligence may be inferred from the fact that a train was derailed, and a passenger injured, the law does not presume that the defendant is guilty of negligence because of such derailment.

5. Excessive Verdict.—The verdict is for $7500, and the weight of evidence is against it in this particular, and a new trial should have been awarded the defendant.

APPEAL from Gregg. Tried below before Hon. F. J. McCORD.

*F. H. Prendergast*, for appellant.—The court erred in charging the jury, that a railway company owes the highest degree of care to land its passengers safely at their destinations; and if they fail to do so, and a passenger is injured, the company would be liable. Railway v. Underwood, 64 Texas, 469; Railway v. Suggs, 62 Texas, 323; Railway v. Taylor, 79 Texas, 114.

*R. C. De Graffenreid*, for appellee.— 1. The evidence being conflicting as to whether the wreck was caused by the defective roadbed, rotten ties, broken rail, or whether the broken axle caused the wreck, the court very properly submitted all the law bearing upon both propositions. And the jury finding that the wreck was caused by the broken rail, rotten ties, and the defective roadbed, the court very properly refused to grant the motion for a new trial. 2 Wait's Act. and Def., 45; 2 Thomp. on Neg., sec. 21; 2 Laws. on Rights, Rem., and Practice, sec. 3465.

2. The court did not err in charging the jury, that a railway company owes the highest degree of care to land its passengers to their destination;

and if they fail to do so, and the passenger is injured, the company will be liable.   Railway v. Suggs, 62 Texas, 323.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee, on the 3rd of March, 1891, instituted suit against appellant for the recovery of damages for injuries alleged to have been received by the plaintiff through negligence of appellant, on the 1st of February, 1891, while plaintiff was a passenger on the road of defendant.   Plaintiff averred, that the track of the railway at the place at which he was injured was very much out of repair, that the crossties were decayed, and that one of the rails was broken, and that by reason of such condition of the track the car on which plaintiff was a passenger was derailed, and thereby he was thrown violently against the sides of the car, and was cut and bruised in several parts of his person, and by reason of which he was rendered delirious at times.

Defendant filed general denial, and averred that the train upon which plaintiff was a passenger was derailed from some cause unknown to defendant, and without the fault or negligence of the defendant.

Trial was had by a jury, and verdict and judgment were rendered for plaintiff, on the 10th of May, 1892, for $7500; and defendant's motion for a new trial having been overruled, defendant appealed.

On the 10th of May, 1892, defendant asked for a continuance of the cause, to enable it to take the deposition of George T. Donan, a resident of Collin County, Texas, who was a passenger on the train at the time and place at which plaintiff was injured, and who would testify that plaintiff was not rendered delirious by the injuries then received.

This motion was an application for the third continuance of the cause. The motion averred, that plaintiff was injured on the 1st of February, 1891, near Ranger, a place distant about 200 miles from the place of trial; that the petition alleged plaintiff received several severe bodily injuries, from the effects of which he was at times delirious; that plaintiff had taken depositions of several witnesses, and so had defendant, but no witness had testified that plaintiff had been at any time delirious; that one of plaintiff's witnesses was R. H. Parker, at whose house plaintiff first stopped after he was injured, and another of his witnesses was Dr. Harrington, the first physician called to plaintiff after he was injured; that since the taking of these depositions plaintiff, on May 9, 1892, took the deposition of Dr. L. D. Stansberry, who swears, that he was called to see the plaintiff a few days after he was injured, and that he treated him for three days, and that plaintiff was delirious during this time, and that the delirium was caused by his injuries.   Defendant avers, that it is taken by surprise by this testimony; that it did not ask the witnesses whose depositions it had taken, each of whom saw plaintiff at or soon after the wreck in which plaintiff was injured, the direct question, was or was not plaint-

iff rendered delirious from his injuries, because defendant did not understand that plaintiff claimed that he was rendered delirious. Defendant averred, that it could prove by each of said witnesses, and by the said Donan, that plaintiff was not rendered delirious from his injuries; that defendant did not know, or expect or believe, prior to the 9th of May, 1892, that plaintiff would claim that he was rendered delirious by his injuries; that it expected to have the testimony by the next term of the court, and that the continuance was not sought for delay, but that justice might be done.

This motion was refused by the court, and this action of the court is assigned as error. We are of opinion that the record does not show that defendant was surprised by the deposition of Dr. Stansberry. The record shows that the petition averred that the plaintiff's injuries had caused him to be delirious, and if defendant had failed, after having continued the cause for one year at least, to supply itself with evidence to meet this issue, it can not be permitted to plead surprise. If surprised, it was through its own negligence, and we do not think the court erred in overruling the motion for continuance.

The next assignment of error is, that the court should have granted a new trial, because the petition averred that the wreck was caused by a defective roadbed, and the evidence showed that the wreck was caused by a defective axle. The third assignment of error is, "that the court should have granted a new trial, because the jury were charged, that if the wreck was caused by a defective axle, the plaintiff could not recover, and the evidence showed that the wreck was caused by a defective axle and not by a defective roadbed." These two assignments, if considered and determined, would require us to pass upon the relative weight of plaintiff's and defendant's evidence as to the cause of the wreck, and as the cause must be reversed upon other grounds, we decline to express an opinion upon the weight of the evidence as to this issue. We are of opinion that the charge of the court upon this point was correct. An allegation that the wreck was caused by a defective roadbed would not permit of proof by plaintiff that the wreck was caused by a broken axle. This would be a variance between the allegata and the probata.

The appellant's fifth assignment complains of the charge of the court, as imposing a higher degree of care upon appellant than that which the law imposes. The portion of the charge excepted to is as follows:

"If you find from the testimony of the witnesses, that the plaintiff was a passenger aboard defendant's train of cars, to be carried from Shreveport, Louisiana, to Abilene, Texas, and while aboard defendant's train of cars as such passenger, exercising due and ordinary care, and the train in which he was travelling left the track and was derailed, and the plaintiff was injured thereby, without fault on his part, and while exercising due and ordinary care, the defendant company would be liable for such injuries as were the direct and proximate result of such

incident, unless you find otherwise from the instruction herein after submitted to you by the court. A railroad company who for hire transports passengers from one point to another, thereby becomes a common carrier and owes the duty to use the highest degree of care to safely land its passengers at their points of destination; and if it fails to do so, and a passenger is injured thereby, the company would be liable. If a passenger aboard a train of cars used for carrying passengers is injured while aboard the cars by the train being derailed, the law presumes that said injury resulted from the negligence of the company operating said train of cars; and the burden is upon defendant company to show that the injury did not result from any negligent act of its agents or servants; and if the proof shows that the derailment of the train could not have been guarded against by human skill and foresight—that is, the track and roadbed was in good condition, and the derailment of the train was one of those unforeseen incidents that could not have been guarded against, and was caused by a defect unknown to defendant—then defendant would not be liable, and you will find for defendant.''

The objection urged to the charge is in our opinion good, and for the error assigned the judgment must be reversed. This charge instructs the jury, in effect, that railroads are insurers against injuries to the passengers they undertake to transport. The law imposes a very high degree of care upon those who for compensation transport people by rail in cars propelled by steam. But the law does not make such carriers insurers for the safety of their passengers. Wood's Ry. Law, sec. 300. This charge is further objectionable, because it tells the jury that the fact that a passenger is injured without fault of his raises a presumption that the injury is the result of negligence of the carrier, and places the burden upon the latter to show that the injury to the passenger was not caused by the negligence of the carrier. The law raises no such presumption, nor does it impose the burthen of proof upon the defendant. While in many instances negligence may be inferred by the jury from the fact that a train was derailed, and a passenger thereby injured, the law does not presume that defendant is guilty of negligence because of such derailment and injury, and it is error to instruct the jury that the law raises such presumption.

The sixth assignment of error is based upon the assumption that the weight of the evidence shows that the plaintiff was not injured to the extent alleged by him, and that the verdict is excessive. This assignment is well taken, and the weight of the evidence is against the verdict in this particular, and a new trial should have been awarded the defendant.

For the errors indicated in this opinion, the judgment of the lower court is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Delivered May 11, 1893.