## Missouri, Kansas & Texas Railway Company v.
### A. J. Mitchell.

Decided January 30, 1904.

**Railroads—Degree of Care—Sparks from Engine—Negligence Per Se.**

In an action for injury caused by sparks from a railroad engine striking plaintiff in the eye while he was on the platform, waiting to take a train, it was error for the court to charge that a failure of the defendant company to have its engine equipped with a spark-arrester, such as was considered among the best by practical railroad men, and to keep it in good order, was negligence, since this placed on defendant the absolute duty of so equipping and keeping its engine, instead of that of using a high degree of care in the matter, the question of negligence in this respect, or in other cases, being one for the jury.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

*Eldridge & Midkiff,* for appellant.

*Green & Blanton,* for appellee.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment in appellee's favor for $1500, recovered as damages for the loss of his left eye. He had just bought a ticket over appellant's road to Pottsboro, and was standing on the platform of the depot at Denison, waiting for the passenger train, when, according to his testimony, a passing engine threw a shower of hot cinders on him, one or two of which struck him in the eye and finally put it out. The testimony offered by appellant, though circumstantial, tended to prove that no cinders had been thrown on appellee, or at least that none had struck him in the eye, and that the loss of his eye was due to some other cause. Appellant also offered testimony tending to prove that the engine claimed to have thrown the cinders was equipped with the best spark-arrester in use, and that the same was in good condition, and that there was no negligence in the operation of the engine. On the other hand the circumstances detailed by appellee tended to rebut this testimony.

In submitting the issues thus made, the court instructed the jury that it was the duty of railroad companies to keep their engines in good order, and to use and keep in good order such appliances as the experience of practical railroad men had determined were among the best to prevent the escape of sparks and fire, and that a failure to do this was negligence. The court further instructed the jury to find for appellee if sparks or cinders escaped from said engine and struck his eye and he was thereby injured, unless it was equipped with a spark arrester such as was considered among the best by practical railroad men, and unless this equipment was in good order. These charges are complained of for placing upon appellant the absolute duty of equipping its engines with spark-arresters which are considered among the best by practical

railroad men, and keeping the same in good order, while the law only imposes the duty of exercising care in respect to such matters, the degree of care depending upon the relation out of which the duty arises. It seems to have been finally settled by our Supreme Court that where property along a railroad track is destroyed by fire set by sparks from a passing engine, and the issue involves the kind and condition of the spark-arrester used on such engine, it is error for the court to instruct the jury that the failure of the railway company to select the best or most approved spark-arrester in use and keep it in good condition is negligence; but that the measure of duty to be submitted to the jury is the care that a person of ordinary prudence would take in the selection and keeping in order of the spark-arrester. In other words, the general rule that negligence is a question of fact for the jury applies. This we understand to be the holding of Railway Co. v. Carter, 95 Texas, 461, 68 S. W. Rep., 159, and Railway Co. v. Goodnight, 32 Texas Civ. App., 256, 74 S. W. Rep., 583. The charge in this instance was at variance with this holding, and seems to have been copied from one quoted in the opinion of Justice Fly in Railway Co. v. Ross, 7 Texas Civ. App., 657, 27 S. W. Rep., 728, in which writ of error was denied, but an examination of the findings of fact and the conclusions of law in that case will disclose that the decision was placed upon the ground that the negligence of the railway company consisted not in the selection or condition of the spark-arrester, but in the condition of the right of way. In case of a passenger the degree of care in equipping the engine with a spark-arrester and in keeping it in order would be higher than in the cases cited, but the duty would still be that of exercising care, though of a very high degree, and the court was not warranted therefore in instructing the jury that a failure to use appliances determined by railroad men to be among the best and to keep them in good order was negligence per se.

There is this difference also to be observed in a passenger case, which was not observed in the charge complained of,—that it is held to be inadmissible for the charge of the court to place the burden of proof on a railway company of showing, where a passenger is injured by sparks from the engine, that it had selected, or exercised the highest degree of care to select, the best spark-arrester in use. This question is fully discussed in the opinion of Chief Justice Gaines, in the case of Railway Co. v. Parks, 1 Texas Law Journal, 499, 8 Texas Ct. Rep., 542, 76 S. W. Rep., 740, decided since this case was tried, in which the peculiar rule so long followed in grass-burning cases is limited to that class of cases.

In using the word "proper" in defining care the charge seems subject to the objection urged by appellant, in support of which the case of Railway Co. v. Enos, 92 Texas, 577, 50 S. W. Rep., 597, is cited.

Because of error in the charge, the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

It is earnestly and forcefully insisted that the court did not err to the prejudice of appellant in telling the jury that it was appellant's duty to select a spark-arrester considered by experienced railroad men to be among the best in use, since, if it had exercised the high degree of care imposed upon it as a carrier of passengers in making such selection, it could not reasonably have done less than select one among the best in use. Counsel for the motion, however, seem to have overlooked the fact that the charge complained of not only made it the absolute duty of the railway company to select such appliances as the experience of practical railroad men had determined were among the best to prevent the escape of sparks and fire, but also made it its absolute duty to keep the same in good order. If it be conceded that appellant, by the exercise of the high degree of care due to a passenger, would have selected one among the best spark-arresters in use, it would not necessarily follow that the exercise of such care would have resulted in keeping the same at all times in good order. To so hold would make the carrier an insurer of the good condition of the spark-arrester, whereas the law only requires that it exercise a very high degree of care to keep it in such condition. The best of appliances will wear out and become defective, and there is nothing in the statement of facts in this case to require a holding that the spark-arrester in question, which seems to have been on an old engine, if in bad condition when the engine passed the depot, was in that condition when it left the shop. As all human mechanism must give way under the stress of continued use, there must come a time when this will occur; and in case of a spark-arrester this might occur, for aught that appears, so suddenly or unexpectedly as not to be foreseen by the most competent expert.

The motion is overruled.

*Overruled.*