## TEXAS & P. RY. CO. v. MAUGHON.

(Court of Civil Appeals of Texas. Ft. Worth. May 20, 1911. Rehearing Denied June 17, 1911.)

1. CARRIERS (§ 280*)—INJURIES TO PASSENGERS — UNCOMFORTABLE EQUIPMENT — CARE REQUIRED.

An instruction imposing on the carrier the absolute duty of furnishing a passenger a reasonably safe place in which to ride was improper, the carrier being only required to exercise that high degree of care to do so which a very cautious and prudent person under similar circumstances would exercise.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1106; Dec. Dig. § 280.*]

2. TRIAL (§ 252*) — INJURIES TO PASSENGERS —DAMAGES—ELEMENTS.

Where, in an action for injuries to a passenger by his being compelled to ride in a cold, dark and uncomfortable passenger coach, there was no proof that he suffered any "embarrassment," in the sense of an unpleasant emotion, an instruction authorizing the jury, in case they found for plaintiff, to award compensation for physical and mental pain, anguish or inconvenience, embarrassment or anxiety, proximately resulting from defendant's negligence, if any, was improper.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 252.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by F. Maughon against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. M. Wagstaff, Kirby & Davidson, and R. W. Haynie, for appellant. Ben L. Cox, for appellee.

SPEER, J. Appellee, F. Maughon, sued the Texas & Pacific Railway Company to recover damages for personal injuries alleged to have been sustained by him by reason of being forced to ride in a passenger coach which is alleged to have been cold, dark, and uncomfortable. There was a judgment in his favor for the sum of $300, and the defendant has appealed. In view of a reversal, it be-

comes unnecessary for us to discuss appellant's assignments raising the question of the sufficiency of the evidence to support the verdict and judgment.

[1] In submitting to the jury the measure of appellant's duty to appellee the trial court said: "You are instructed that it was the duty of the defendant railway company to furnish plaintiff a reasonably safe and comfortable place in which to make his journey while a passenger on its line of railway, if he was such passenger, and if you should find from a preponderance of the evidence that the defendant railway company failed to provide for the plaintiff a reasonably safe and comfortable place in which to make his journey while a passenger on its line, then such failure, if any, on the part of the defendant would constitute negligence on its part." This is erroneous in that it imposes on appellant the absolute duty of furnishing to appellee a reasonably safe and comfortable place in which to ride, whereas the law only imposes the duty of exercising that high degree of care to do so that a very cautious and prudent person under similar circumstances would exercise. Under the facts of this case, however, we would not reverse for this error because it is undisputed that the car in which appellee rode was cold and uncomfortable and no explanation whatever is made by appellant of this condition. In the absence of such explanation, appellant was indisputably negligent, and the charge perhaps was harmless.

[2] But another error has crept into the court's charge which cannot be so excused and which was well calculated to materially prejudice appellant's rights. After repeating the erroneous charge above referred to, the court further instructed as follows: "And if you should further find that by virtue of such failure, if any, on the part of the defendant to provide such reasonably safe car for plaintiff that plaintiff suffered any physical or mental pain or anguish or inconvenience, embarrassment, or anxiety, and that the same, if any, were the direct and proximate result of the negligence of defendant, if any, then you will find for plaintiff." This is objected to as authorizing a recovery for "inconvenience, embarrassment, and anxiety." The charge properly authorized a recovery for the elements of physical or mental suffering which, under the circumstances of this case, might include "inconvenience" and "anxiety," but there is nothing in the evidence suggestive of the fact that appellee in any way suffered any embarrassment and the court erred in permitting a recovery for it. "Embarrassment" as an unpleasant emotion is a word of well understood meaning and in a proper case authorizes a recovery, but the facts of this case do not raise such issue. It is an ordinary case of physical and mental suffering necessarily incident to riding in a cold and uncomfortable car.

For this error the judgment is reversed and the cause remanded.