## Klingensmith *v.* West Penn Railways Co., Appellant.

*Negligence—Street railways—Passenger—Getting on car—Ordinary care—Passing automobile—Presumption of obedience to law—Failure to dim headlight of trolley car—Proximate cause—Contributory negligence—Charge.*

1. Where the tracks of a street railway are constructed on a public alley, contiguous to but not separated from a much traveled state highway, it is not negligence for the company to require passengers to enter cars going in one of the directions, from the side next to the highway, although the alley on the opposite side afforded a safer way.

2. A requirement that passengers enter and leave a street car from a particular side is, as a general rule, a reasonable one, and the mere fact that, in a particular instance, the danger from passing vehicles would be less on the opposite side of the car, will not in all cases render the railway chargeable with negligence.

3. As the legislature has enacted a law forbidding the driver of an automobile to pass a street car from which passengers are being received or discharged, the railway company is not bound to anticipate that automobilists will disregard the law, and injure passengers getting on or off cars.

4. Failure of a street railway company to dim the electric headlight of a car when it stops so that a passing automobilist is blinded and without stopping injures a passenger getting on the car, cannot be alleged as negligence against the company, where the evidence shows that even if the light had been dimmed the accident would not have been averted; hence it was not the proximate cause.

5. Where a person is about to enter a street car, it is his duty to avoid danger, and if he sees, or could have seen had he looked, an approaching automobile, in time to secure a place of safety, it is his duty to do so, and if he fails, in this respect he is guilty of contributory negligence.

Argued September 26, 1923.  Appeal, No. 135, Oct. T., 1923, by defendant, from judgment of C. P. Armstrong Co., March T., 1923, No. 193, on verdict for plaintiff, in case of Mary A. Klingensmith v. West Penn Railways Company.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.  Reversed.

Trespass for death of plaintiff's husband.  Before King, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*H. A. Heilman,* with him *Guy C. Christy,* for appellant.—A person standing on a state highway, although he may intend to become a passenger, does not assume that character until he places his foot upon the carrier's vehicle or has in some other way become entitled to claim the carrier's care: Keator v. Traction Co., 191 Pa. 102; Beck v. R. R., 233 Pa. 344; Rist v. Transit Co., 236 Pa. 218; Sligo v. Transit Co., 224 Pa. 135; Mahoney v. Transit Co., 214 Pa. 180; Geiger v. Ry., 247 Pa. 287.

The company was not negligent as to its headlight: S. S. Pass. R. v. Trich, 117 Pa. 390; Wood v. R. R., 177 Pa. 306.

The court erred in submitting to the jury the contributory negligence of plaintiff's decedent, and refusing to hold as a matter of law that he was guilty of contributory negligence: Baron v. Wilkes-Barre Co., 71 Pa. Superior Ct. 103; Beck v. R. R., 233 Pa. 344; Rist v. Transit Co., 236 Pa. 218; Sligo v. Transit Co., 224 Pa. 135; Penman v. Ry., 201 Pa. 247; Gilmartin v. Transit Co., 186 Pa. 193.

*C. E. Harrington*, with him *Harry C. Golden*, for appellee, cited: Thomas v. Traction Co., 270 Pa. 146; Stankowcz v. R. R., 62 Pa. Superior Ct. 125; Hall v. R. R. Co., 36 Pa. Superior Ct. 556; Bickley v. Ry., 257 Pa. 369; Mack v. Rys. Co., 247 Pa. 598; Powell v. R. R., 220 Pa. 638.

OPINION BY MR. JUSTICE SADLER, February 11, 1924:

While standing in the highway, and about to enter defendant's street car, plaintiff's husband was struck by a passing automobile, receiving injuries which caused his death a few days later. Suit against the street railway company resulted in a verdict for plaintiff. Motions for a new trial and for judgment n. o. v. were subsequently overruled by the court below, and from this order an appeal has been taken.

Defendant's tracks are laid along the east side of a public alley in the Borough of Manorville. Paralleling the alley on the east side is a state highway, the tracks of the street railway adjoining the latter on the west. In the operation of its cars, defendant requires passengers to enter and leave northbound cars on the east side, along the state highway, and to enter and leave southbound cars from the public alley, on the west side. The evening of the accident, deceased was standing at a regular stopping place on the public road, intending to enter a northbound car. It had stopped, or was about to do so, when an automobile, approaching from the north, struck him, inflicting injuries which resulted in death. The negligence charged was, first, in requiring passengers to enter cars from the side next the much-traveled state highway, when a street on the opposite side, on which was comparatively little traffic, afforded a safer way; and, second, in operating the car with a headlight of such brilliancy as to blind drivers of automobiles passing along the roadway parallel with the trolley tracks and failing to dim the lights at the time passengers were entering and leaving the car.

With respect to the first charge of negligence, it is a universal custom, in operating street railways, to receive and discharge passengers from and to the public highway. The condition and use of the road is, as a rule, beyond the control of the street railway company, and, consequently, it is not held liable for the safety of persons using the street for the purpose of entering or leaving a trolley car, so long as the acts of its employees do not in any way contribute to the injury. Neither can the company be held liable for the conduct of third persons who negligently injure the intending passengers standing on the highway: Keator v. Traction Co., 191 Pa. 102, 112. A requirement that passengers enter and leave a street car from a particular side is, as a general rule, a reasonable one, and the mere fact that in a particular instance the danger from passing vehicles would be less on the opposite side of the car, will not in all cases render the railway chargeable with negligence. Pedestrians have a right to use the public highway for entering street cars, or other proper purposes. The legislature having enacted a law forbidding the driver of an automobile to pass a standing street car on the side from which passengers are being received or discharged, the railway company was not bound to anticipate that automobilists would disregard the law. In this case, the jury, by its verdict, found the rule requiring passengers to be received and discharged from the east side of northbound cars was unreasonable, but with this proposition we cannot agree. The fourth assignment of error must be sustained.

Plaintiff claims further that the accident resulted from the failure of the railway company to dim the electric headlight of the car when it stopped, causing the blinding of the driver of the approaching motor, and making it impossible for him to see the intended passengers on the highway. Even if established, this would not relieve the car owner, who drove past the trolley in violation of the statutory duty imposed upon him: Act June 30,

1919, P. L. 678, section 25. On the other hand, his negligence would not relieve the defendant, if. its lack of proper care contributed to the injury, for, where two or more causes combine to produce injury to a third person, both negligent parties are jointly and severally liable: O'Malley v. Transit Company, 248 Pa. 292; Jaras v. Wright, 263 Pa. 486. No such question arises on this record, however. Admittedly, a trolley car, traveling along a public highway at night, ought to have an adequate headlight, and there is no evidence in the instant case that the one on the particular car here, was of unusual power, or of greater brilliancy than those in general use upon such suburban railways. It is true, the rule of the defendant company required the dimming of lights while at stopping places, but the failure to obey it, if there was such failure, could not have aided in producing the accident of which complaint is now made. Two of the occupants of the automobile testified at the trial below. One said the trolley car had not stopped at the time of the accident; if this is so, the rule of the company did not apply. The other said that, at the time it halted, the automobile was not over fifteen feet distant. As the latter was traveling at the rate of twenty or thirty miles an hour, it is obvious it could not have been stopped in time to prevent the accident, and hence a failure to dim the headlight of the trolley car immediately on stopping, if there was such a failure, could not have prevented it. No other evidence strengthened the plaintiff's case upon the point under consideration. We are of the opinion that the facts failed to show affirmatively that any negligent act of defendant occurred in producing the injury complained of, and therefore the judgment entered should be set aside, and the second assignment of error sustained.

The question raised by the tenth assignment, as to the charge of the court on the question of contributory negligence, becomes immaterial in view of the decision reached. If a contrary conclusion were made, the as-

signment would be sustained because of insufficiency of instructions to the jury on this branch of the case. The jury should have been told it was the duty of deceased to avoid danger; that if he saw, or should have seen, the approaching automobile in time to secure a place of safety, it was his duty to do so, and if he failed in this respect he was guilty of contributory negligence sufficient to prevent recovery. There being evidence that the automobile was in plain sight for a distance of 800 feet, the attention of the jury should have been called to that and other facts touching the presence of deceased on the highway. Instruction that it was the duty of deceased "to use ordinary reasonable care under the circumstances" was not adequate.

The judgment is reversed and here entered for the defendant.

Mr. Justice FRAZER dissented.