## FUCHS et al. v. DALLAS RY. & TERMINAL CO. (No. 783.)

Court of Civil Appeals of Texas. Waco. May 9, 1929.

Rehearing Denied June 20, 1929.

Taylor & Irwin and George Sergeant, all of Dallas, for appellants.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

STANFORD, J. ▪▪ This appeal is from the action of the trial court in sustaining a general demurrer to appellants' petition. Appellants alleged that Mrs. Fuchs, at the time of the injuries, was a single woman engaged in the profession of nursing; that she boarded one of appellee's street cars at Ervay and Commerce streets in Dallas, as a passenger, to go to the intersection of Harwood and Beaumont streets; that when she boarded said street car, being a stranger in Dallas and not familiar with the streets and street intersections, she told the motorman in charge of said car that she desired to get off at Beaumont street, a regular and customary stopping place on said line for passengers to alight; that as soon as the conductor called Beaumont street she rang the bell, thereby giving the usual and customary signal of her desire to alight at Beaumont street; that said motorman stopped said car, as plaintiff thought, at Beaumont street in response to her signal for her to alight, and plaintiff went forward to the vestibule to alight, as she thought, at Beaumont street, and, as she approached said vestibule to alight, the motorman opened the door, as she understood for her to alight at Beaumont street, and that she, believing the car was at Beaumont street, a regular stopping place to discharge passengers, attempted to alight, and while in the act of alighting from said car she was struck by a rapidly moving motorcycle, and injured. The pleading of appellants, plaintiffs, is lengthy, and pleads the facts resulting in the injury in detail. Giving said pleading that liberal construction as we are required to do, in passing on appellee's demurrer, the substance and effect of appellants' pleading is that where said car stopped, and where appellant was injured while attempting to alight from said car, was not at Beaumont street, as appellant had been led to believe by the acts and conduct of the motorman, but was near the middle of the block on a switch track to permit other cars to pass; that at Beaumont street, where cars stopped to let passengers get on and off, was a safe place for passengers to alight, in that motor vehicles were prohibited from passing a street car while stopped at a street intersection for such purpose, and the traveling public so understood, but that, where said car stopped near the middle of the block on the switch track, not for the purpose of allowing passengers to alight, but to allow another street car to pass, was a dangerous place for passengers to alight, in that there was no restraint of traffic as said place, as was fully understood by the public, and that motorcycles, automobiles, etc., passed said street car rapidly while so stopped on the switch track as above set out; that appellee, through its motorman, knew that where said car stopped on the switch was a dangerous place for a passenger to alight by reason of there being no restraint of traffic passing a street car while stopped at said place, and said motorman also knew the intersection of Beaumont street was a safe place for passengers to alight, in that other traffic was prohibited from passing a street car at said place while stopped; that appellee's said motorman knew appellant wanted to get off at Beaumont street, and knew appellant was not familiar with the streets in Dallas, and knew that appellant was depending upon him to notify her when the car reached Beaumont street; and that said motorman, by calling out Beaumont street and stopping the car in response, as appellant understood, to the usual signal given by her immediately after said street was called, and then, as appellant approached the front of said car, by opening the door for her to alight, etc., by all of said acts, negligently misled and deceived appellant, and negligently induced her to alight at a place he knew was dangerous, and that said motorman knew, or could have known by the exercise of ordinary care, that appellant thought she was getting off at Beaumont street, a safe place to alight, and did not

know she was getting off on the switch, a dangerous place to alight; that said motorman, knowing all of said facts, negligently failed to give her any warning, but expressly invited her to alight at said dangerous place, and while in the act of so doing she was knocked down by a rapidly passing motorcycle and injured.

We think a place where a carrier permits its passengers to alight, under a mistake on the part of the passenger as to the place, may be inherently dangerous by reason of rapidly passing motor vehicles, known to the carrier but not known to the passenger, in the same sense and as truly as if at said place there were ditches, holes in the ground, or other dangerous obstructions. Under the allegations in this case, the street car company owed appellant the duty of exercising a high degree of care to deliver her at the place where she requested to be discharged, and to prevent her, under a mistake alleged to have been induced by it, from alighting at a place of greater peril from any cause known to it and unknown to her. The allegations considered as true would support, if not require, a finding by a jury on the trial that such duty had been breached. Missouri, K. & T. R. Co. of Texas v. Cook (Tex. Civ. App.) 166 S. W. 453; St. Louis A. & T. Ry. Co. v. Finley, 79 Tex. 85, 15 S. W. 266; McGovern v. Inter-Urban R. Co., 136 Iowa, 13, 111 N. W. 412, 13 L. R. A. (N. S.) 476, 125 Am. St. Rep. 215. Clearly, we think, the trial court erred in sustaining a general demurrer to plaintiffs' petition.

The cause is reversed and remanded.

BARCUS, J. (dissenting). I regret that I cannot agree with my brethren in the disposition of this case. Giving the pleadings the most liberal construction, as we are required to do as against a general demurrer, I think the demurrer was properly sustained. I do not think the pleadings allege any actionable negligence on the part of appellee, nor any proximate casual relation between the alleged acts of negligence on the part of appellee and the injury. Under the allegations in the petition, the two acts, to wit, the invitation or permission on the part of appellee's motorman for appellant to alight from the street car at the switch rather than remain on the car until it reached the street crossing, and the operation of the motorcycle, have no causal connection with each other. In order for appellee to be liable its act must have been at least a proximate cause of the injury. Franklin v. Houston Electric Co. (Tex. Civ. App.) 286 S. W. 578; Haney v. Texas & Pacific Coal Co. (Tex. Civ. App.) 207 S. W. 381.

The rule, supported by the weight of authority, seems to be that a street car company is not liable for injuries inflicted by a motorcycle or other vehicle to a passenger who has alighted safely from the street car onto the pavement of the street, or who is injured by a moving motor vehicle while in the act of alighting from the street car. Jacobson v. Omaha & Council Bluff St. Ry. Co., 109 Neb. 356, 191 N. W. 327, 31 A. L. R. 563; Lindgren v. Puget Sound International Ry. & Power Co., 142 Wash. 546, 253 P. 791; St. John v. Connecticut Co., 103 Conn. 641, 131 A. 396; Ruddy v. Ingebret, 164 Minn. 40, 204 N. W. 630, 44 A. L. R. 159; Oddy v. West End Street Ry. Co., 178 Mass. 341, 59 N. E. 1026, 86 Am. St. Rep. 482; Louisville R. Co. v. Saxton, 221 Ky. 427, 298 S. W. 1105; Hammett v. Birmingham Railway, Light & Power Co., 202 Ala. 520, 81 So. 22: Chesley v. Waterloo, C. F. & N. R. Co., 188 Iowa, 1004, 176 N. W. 961, 12 A. L. R. 1366; Klingensmith v. West Penn Rys. Co., 279 Pa. 336, 123 A. 787; Reining v. Northern Ohio Traction & Light Co., 107 Ohio St. 528, 140 N. E. 84; Jernigan v. Georgia Railway & Power Co., 31 Ga. App. 273, 120 S. E. 439; Franklin v. Houston Electric Co. (Tex. Civ. App.) 286 S. W. 578. From the above authorities, I think the rule established is that, when the place at which a street car company permits a passenger to alight is a smooth surface, with no dangers surrounding the same occasioned by the condition of the earth, the street car company is not responsible for damages occasioned a passenger while alighting from the car by being struck by a passing motor vehicle.

Appellant in her petition alleged that there was a legal restraint of motor traffic passing a street car while stopped to permit passengers to alight. The only law relative to this matter that I have found is subdivision L of article 801, Penal Code of Texas, which provides specifically that it shall be unlawful for any person to pass a street car which is stopped for the purpose of receiving or discharging passengers, and this is the only provision of the law pleaded by appellants. Said statute does not attempt to fix the place where or under what conditions a street car may be stopped for permitting passengers to alight. Neither does it provide any way for the driver of a motor vehicle to ascertain for what purpose the same is stopped, but makes it a violation of law for any person driving a motor vehicle to pass a street car that has stopped for the purpose of letting a passenger alight. Many of the decisions above cited are where passengers were permitted to alight not at a regular or at the usual stopping place of a street car. Under all of the decisions, so far as I have found, a street car may stop at any place for the purpose of letting a passenger on or off, and it becomes the duty of a person driving a motor vehicle, before he passes a stopped street car, to ascertain whether it has stopped for the purpose of letting a passenger on or off of said car. Under

the statute the same regulation was and is in existence in so far as the control of motor traffic is concerned when the street car stopped on the switch and permitted appellant to alight as would have been if it had stopped at Beaumont street and permitted her to alight.

I think the general rule, supported by an overwhelming weight of authority, is that a street car company is not responsible for injuries caused by a passing motor vehicle received by a passenger when alighting from a street car at an unusual stopping place or when alighting in the middle of a block or at a switch, since the street car company is not an insurer of the passenger's safety while getting on or off of the street car. Neither does it have any control or supervision over motor vehicles passing the street car, and the operators of a street car have a right to presume that those passing the street car will observe the state law relative thereto. As before stated, there is no contention that there was any relationship existing between the driver of the motorcycle which struck appellant, and appellee. They were two separate, disconnected agencies. There is no proximate relationship between the stopping of the street car and permitting appellant to alight, and her being struck by said motorcycle. Appellant in her pleadings does not claim that she could not see where she was alighting from the street car. Neither does she allege that she made any effort to protect herself or to ascertain whether a motor vehicle was coming. Neither does she claim that the motorman was in any way negligent in not having seen the motor vehicle or in not having warned her of the dangers incident to her getting off of the street car at the place she did alight. She alleged that she was a strong, healthy, robust young woman with all her faculties about her.

I think the judgment of the trial court in sustaining a general demurrer was correct, and that the judgment should be affirmed.