## DALLAS RY. & TERMINAL CO. v. FUCHS et al.

### No. 2694.

Court of Civil Appeals of Texas. El Paso.
June 23, 1932.

Rehearing Denied Sept. 12, 1932.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

Garland Armstrong and Geo. Sergeant, both of Dallas, for appellees.

HIGGINS, J.

This is a personal injury case. This is the second appeal. The former appeal was by the appellees from a judgment of dismissal upon the sustaining of a general demurrer to their petition. It was held the petition was good and the cause was remanded. Fuchs v. Dallas Ry. & T. Co. (Tex. Civ. App.) 18 S.W. (2d) 854.

We refer to the opinion upon the former appeal for a statement of the allegations of the petition.

Upon special issues the jury found:

1. The defendant, through its operative in charge of the street car, did not furnish plaintiff a reasonably safe place to alight from the car.

2. Such failure was the proximate cause of plaintiff's injuries.

3. Plaintiff did not fail to exercise ordinary care in alighting from the street car at the time and under the circumstances in question.

5. Plaintiff's injuries did not result from an inevitable accident.

6. Mrs. Fuchs did not fail to exercise ordinary care with respect to looking for the approaching vehicles.

8. Damages in the sum of $1,500 were assessed.

Judgment was rendered in favor of the plaintiffs for the sum stated, from which the defendant appeals.

Error is assigned to the refusal of a peremptory charge requested by the defendant in its favor.

Upon the former appeal of this case the court held that the petition stated a cause of action, Justice Barcus dissenting. A writ of error was refused by the Supreme Court. Upon the trial the plaintiffs' evidence presented a case of liability upon the theory shown in the petition. The propositions of law now urged in support of this assignment were necessarily involved in the ruling upon the former appeal. That opinion is the law of this case and there is no occasion for this court to again consider the legal questions involved in the propositions now urged in support of the view that the peremptory charge should have been given.

The issue of accident as submitted placed the burden of proof upon appellant. Proper exception thereto was taken and an issue requested so drawn as to place the burden upon appellees. The objection was overruled and the requested issue refused. It is no

longer an open question that this constitutes reversible error. Rosenthal D. G. Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521.

The refusal of requested issues Nos. 8 and 9 presents no error. They related to phases of the evidence upon the ultimate issues in the case and were noncontrolling.

■Appellant pleaded appellee violated section 2 of the Traffic Ordinance of the City of Dallas and subdivision (g) thereof, which provides that the "pedestrians must avoid careless walking, and especially observe the following directions to insure safety and avoid unnecessary interference with one another as well as with vehicles, namely, (g) On alighting from a street car and other vehicles, observe traffic before moving."

Issues presenting this defensive matter were requested and refused. The issues read:

No. 7. "(a) Do you find from a preponderance of the evidence that plaintiff, Fay Lea Fuchs, failed to observe the traffic before starting for the curb after alighting from the car? Answer 'Yes' or 'No.' If you have answered subdivision 'A' hereof in the affirmative then you will now answer the following subdivision 'B,' otherwise do not answer same. (b) Do you find from a preponderance of the evidence that such failure caused or contributed to cause the injuries, if any, received by her?"

No. 8. "(a) Do you find from a preponderance of the evidence that Fay Lea Fuchs failed to observe the traffic before moving after alighting from the street car? Answer 'Yes' or 'No.' If you have answered subdivision 'A' hereof Yes, then answer the following subdivision 'B,' otherwise do not answer same. (b) Do you find from a preponderance of the evidence that such failure caused, or contributed to cause the injury, if any, received by her? Answer 'Yes' or 'no.'"

In reply to the assignment complaining of such refusal, appellees take the position the undisputed evidence shows that Mrs. Fuchs looked for approaching vehicles just before alighting from the car and neither saw nor heard the approaching motorcycle which inflicted her injuries, and was struck just as she alighted from the car. Mrs. Fuchs so testified, but she was an interested witness and the jury was not required to accept her testimony as true. There is testimony which would have warranted the belief that she was struck near the curb of the street and some distance from the point where she had alighted. If this were true, it would have authorized the jury in finding that after alighting she started for the curb without observing the traffic upon the street. The evidence raises the issue indicated and it should have been submitted.

The ninth proposition complains of a portion of the court's charge given in connection with the issues submitted. The matter presents no error, for the sentence criticized is to be considered in connection with the one following and the preceding section. As so considered the objection is without merit.

■The first issue was submitted in this form: "Do you find and believe from a preponderance of the evidence, that the defendant, through its operative in charge of said street car, furnished to plaintiff a reasonably safe place to alight from said car? Answer 'Yes' or 'No.'"

The burden was upon the plaintiffs to show that defendant did not furnish Mrs. Fuchs a reasonably safe place to alight from the car. The issue as submitted placed upon the appellant the burden of showing that it did furnish a safe place. This was error. Rosenthal D. G. Co. v. Hillebrandt, supra; Atchison, T. & S. F. Ry. Co. v. Francis (Tex. Civ. App.) 227 S. W. 342; Id.; 113 Tex. 202, 253 S. W. 819, 30 A. L. R. 114.

■As to the first issue it is further objected as being erroneous in assuming an absolute duty upon appellant's part to transport its passengers and discharge them in safety at a reasonably safe place, and in not submitting in connection therewith an issue of negligence in such respect.

The issue is not subject to the objection first indicated. It simply inquires whether defendant through its operator in charge of the street car furnished plaintiff a reasonably safe place to alight from the car. There is no such assumption as appellant asserts.

It is true the court did not submit the issue of negligence arising out of a failure to furnish a safe place to alight, but the failure to submit such issue is not reversible in the absence of written request for its submission. Article 2190, R. S.; Gulf C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

Upon proper request such issue should be submitted for the question is one of fact for the jury to determine. T. & P. Ry. Co. v. Maughon (Tex. Civ. App.) 139 S. W. 611; M., K. & T. Ry. Co. v. Mitchell, 34 Tex. Civ. App. 394, 79 S. W. 94; T. & P. Ry. Co. v. Buckelew, 3 Tex. Civ. App. 272, 22 S. W. 994; I. & G. N. Ry. Co. v. Halloren, 53 Tex. 46, 37 Am. Rep. 744.

■The refusal of requested issue No. 5 was proper. The matter was sufficiently covered in issues Nos. 3, 4, 6, and 7, submitted in the main charge.

For the errors noted the judgment is reversed and the cause remanded.

### On Rehearing.

■In the original opinion it was held the failure to submit the issue of negligence arising out of the failure to furnish a safe place

for Mrs. Fuchs to alight was not reversible in the absence of written request for its submission.

At the time doubt was entertained as to the correctness of such ruling, but it was made upon the view that the issue of negligence was supplementary to the main issue of the failure to furnish a safe place to alight, and as a supplementary issue the court was authorized to find upon the same under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

Under recent opinions of the Commission of Appeals, expressly approved by the Supreme Court, we have reached the conclusion that we erred in the ruling indicated. Dallas Hotel Company v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; International-Great Northern Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669.

We, therefore, now sustain appellant's assignment complaining of the court's failure to submit the issue of negligence arising out of the failure to furnish a safe place to alight.