Cohn, J.
The action is to recover damages for personal injuries sustained by the infant plaintiff while she was on the sidewalk "waiting to board a bus operated by defendant in the City of New York. The mother of the infant plaintiff seeks to recover damages for necessary medical expenses to cure the injuries. The negligence claimed was that defendant failed “ to provide sufficient and adequate guards ” at a bus stop “ to prevent large crowds from pushing, jostling and shoving prospective bus passengers ” and that it failed “ to furnish railings, barricades or other means of preventing prospective bus passengers from being pushed, jostled and shoved ”.
On the morning of March 9, 1944, the infant plaintiff, then fourteen years of age, was standing on 'the sidewalk at the southeast corner of Fordham Road and Grand Concourse, borough of Bronx, intending to board one of defendant’s buses which was operated on the Grand Concourse. She waited for *203 ten or fifteen minutes when two buses arrived. In the interim, according to her testimony, seventy-five or one hundred people had collected at the bus stop. As the first of the two buses pulled up, the infant plaintiff found herself standing near its entrance. The prospective passengers then started to push and shove. In the surging of the crowd the infant plaintiff was thrown against the side of the vehicle, lost her footing and fell to the sidewalk, suffering an injury to her left leg. From a judgment obtained by plaintiffs, defendant appeals.
We think that upon the evidence adduced, no case was made out against defendant, and the complaint should have been dismissed.
Though the rule is well settled that if a common carrier has reason to anticipate the gathering of a large crowd at a station or platform it is bound to take such reasonable precautions as the condition to be anticipated may dictate to avoid injury to a passenger by the rushing or crowding of the persons thus assembled (Reschke v. Syracuse, Lake Shore & Northern R. R. Co., 155 App. Div. 48, affd. 211 N. Y. 602), it appears to be equally well settled that there is no liability on the part of the carrier for the pushing of a crowd about to take passage where, as here, there is no station or platform and the intending passengers are waiting in the public street over which the carrier has no control (Wagner v. Brooklyn Heights R. R. Co., 95 App. Div. 219-220, 222-223; Platt v. 42d St. & Grand St. Ferry R. R. Co., 2 Hun 124; 3 Thompson, Commentaries on the Law of Negligence, §§ 2641, 2712). This also seems to be the well recognized rule in other jurisdictions (Creamer v. West End Railway, 156 Mass. 320; Baltimore Traction Co. v. State, 78 Md. 409; Klingensmith v. West Penn Rys. Co., 279 Pa. 336; Villa v. United Electric Railways Co., 51 R. I. 384; Jaquette v. Capital Traction Co., 34 App. D. C. 41, 45).
The relationship of carrier and passenger may be implied from slight circumstances yet, before a duty of care toward a prospective passenger may be imposed upon the carrier the person of the passenger must be placed in some substantial sense in the custody of the carrier, either in the carrier’s premises while waiting to take passage or upon his vehicle. The sidewalk at the southeast corner of Fordham Boad and Grand Concourse, including the part thereof which constitutes the bus stop, is a public thoroughfare over which the defendant had no control or authority. The street is in no sense a passenger station for the safety of which defendant is responsible. It is a *204 public way where one occupier has the same rights as every other occupier. In Duchemin v. Boston Elevated Railway (186 Mass. 353, 356-357) the court used the following apposite language: “ It is apparent that a person in such a situation is not in fact a passenger. He has not entered upon the premises of the carrier, as has a person who has gone upon the grounds of a steam railroad for the purpose of taking a train. He is upon a public highway where he has a clear right to be independently of his intention to become a passenger. He has yet done nothing which enables the carrier to demand of him a fare, or in any way to control his actions. He is at liberty to advance or recede. He may change his mind and not become a passenger. Certainly the carrier owes him no other duty to keep the pavement smooth or the street clear of obstructions to his progress than it owes to all other travellers on the highway. It is under no obligation to see that he is not assaulted, or run into by vehicles or travellers, or not insulted or otherwise mistreated by other persons present. * * * So long as he remained a mere traveller on the highway, although walking upon it for the sole purpose of taking the car, the defendant did not owe him any other duty than that which it owed to any person on the highway. ’ ’
The acts of defendant’s employees in this case did not in any way contribute to the injury. Defendant could not be held liable for the safety of the infant plaintiff while she was using the street to walk toward defendant’s bus; neither could defendant be held liable for the conduct of third persons who negligently injured her while she was an intending passenger standing on the highway.
The judgment should accordingly be reversed, with costs and the complaint dismissed, with costs.
Martin, P. J., Callahan, Peck and Van Yoorhis, JJ., concur.
Judgment unanimously reversed, with costs to the appellant and the complaint dismissed, with costs.